Rockingham,
No. 5149.

John N. Thompson *& a., Tr'ees*

*v.*

Trustees of Phillips Exeter Academy *& a.*

————

Phillips Exeter Academy

*v.*

Isabel M. Gleason *& a.*

Argued October 3, 1963.
Decided December 3, 1963.

154

*George R. Scammon* for Ralph B. Fish.

*Burnham B. Davis* and *Upton, Sanders & Upton* (*Mr. Robert W. Upton* orally), for Isabel M. Gleason, executrix of the will of Josephine Fish Pendergast.

*Perkins, Holland & Donovan* (*Mr. Robert B. Donovan* orally), for Phillips Exeter Academy.

*Ernest R. D'Amours,* Director of Register of Charitable Trusts, pro se.

LAMPRON, J.   These proceedings relate to the administration of a trust created by the will of Joseph C. Hilliard who died on February 12, 1906, and of which the Academy was appointed trustee by decree of the Superior Court for Rockingham county in 1917.   The pertinent provisions of the deceased's will and of a second codicil thereto relating to the payment of an annuity of $500 to Isabel M. Fish, now Gleason, as well as other material facts including those relating to accounts filed by the Academy are contained in *Phillips Exeter Academy* v. *Gleason,* 102 N. H. 369.

As to accounts 6-20 inclusive which the parties admit were never allowed by the Superior Court, this court held in *Phillips Exeter Academy* v. *Gleason,* 103 N. H. 197, 202 that our previous opinion in volume 102 *supra* "did not decide nor was an issue ever raised regarding the status of, and rights of the parties" therein.   But the Academy argues that the opinion in hold-

ing accounts 1-5 inclusive and 21-30 inclusive "not now open to question" (*p.* 376) made these accounts binding on the parties.

Consequently the Academy argues that Ralph B. Fish and Isabel M. Gleason, as executrix of the will of Josephine Fish Pendergast, hereinafter called the plaintiffs, are bound by the judgment rendered on the 30th account adjudicating the balance held by the trustee and that this judgment is *res judicata* as to all accounts prior to and including that account.

The Academy argues further that under the circumstances of this case the trustee has not committed any breach of trust which would justify the reopening and the setting aside of prior decrees allowing the accounts. It takes the further position that at any rate the plaintiffs are barred from obtaining relief as to any of these accounts by reason of laches and estoppel.

The issues before this court in *Phillips Exeter Academy* v. *Gleason,* 102 N. H. 369 were whether the Superior Court had jurisdiction to appoint and qualify the Academy as trustee and to allow it accounts, and whether its decrees in so doing were binding on the parties. These issues pertained to the jurisdiction of the Superior Court in these matters. That was the issue decided by this court when it held that the accounts filed by the Academy and allowed by the Superior Court "are not now open to question." *p.* 376.

The issues now raised do not pertain to the jurisdiction to make decrees allowing the accounts but rather whether these binding decrees should be reopened and modified to conform with the intention of the testator in the second codicil to his will that the Academy pay the annuity to Isabel out of corpus instead of out of the income of the trust as was done and accounted by the trustee.

The power of the probate court to reopen a fiduciary's account for good cause is not disputed. *Rogers* v. *Munsey,* 103 N. H. 37. Under the circumstances of this case the Superior Court is performing the functions of a probate court. See *Montville* v. *Hamblin,* 96 N. H. 356. It is therefore endowed with the power to reopen a fiduciary's account if good cause exists to do so. *Massachusetts Bonding Co.* v. *Keefe,* 100 N. H. 361, 363; *Indian Head Bank* v. *Theriault,* 96 N. H. 23, 27. Good cause may consist of fraud, misrepresentation, self-dealing by the fiduciary, mistake, or any combination of these. *Knight* v. *Hollings,* 73 N. H. 495; *Raymond* v. *Good-*

*rich*, 80 N. H. 215; *Massachusetts Bonding Co.* v. *Keefe, supra*. What is sufficient cause is a question of fact depending upon the particular circumstances of each case. *Warner Bank* v. *Clement*, 58 N. H. 533.

The Trial Court has found that "In all of the accounts filed, the charging of the annuity to income was due to a mistaken interpretation of the will and codicil. If this mistake is not corrected, it will not only mean that the testator's intention will be thwarted, to a substantial extent, but also that the Academy will receive a large sum of money as a result of its own mistake." The Court also found that the use of the income of the trust estate to pay the annuity of $500 to Isabel Fish was a breach of trust by the Academy.

The Academy argues that when it took over as trustee in 1917 there was no issue raised by anyone concerning the source from which the $500 annuity to Isabel was to be paid by it. It did not realize that a construction problem existed and the construction of the codicil by this court some 40 years thereafter that this annuity should be paid out of corpus should not be construed as a breach of trust on the part of the trustee.

However the law is well established that a trustee is not relieved from its duty to administer the trust according to the terms of the instrument even though it acted in good faith. Restatement (Second), Trusts, *s.* 201, *comment* b. "The extent of the duties and powers of a trustee is determined by the rules of law which are applicable to the situation, and not by the rules which the trustee or his attorney believes to be applicable, and by the terms of the trust as the court may interpret them, and not as they may be interpreted by the trustee himself or by his attorney. The subjection of the trustee to liability where he is not at fault in making the mistake may seem harsh. He can, however, escape liability by submitting the matter to the court for its instructions." 2 Scott, Trusts (2d *ed.*), *s.* 201, *p.* 1510.

The facts in this case warranted the finding and ruling by the Trial Court that the Academy as a result of its mistake in interpretation committed a breach of trust which permeated accounts 1-30 inclusive. Also that if the resulting payments of the $500 annuity out of income instead of out of corpus were not corrected it would thwart the testator's intention, result in substantial hardship to the plaintiffs and permit the Academy to receive a large sum of money as a result of its own mistake. This

mistake which inured to the benefit of the trustee Academy was properly found to constitute good cause to reopen these accounts. *Massachusetts Bonding Co.* v. *Keefe*, 100 N. H. 361, 363.

The evidence did not compel the Court to accept the Academy's position that the plaintiffs were barred from obtaining relief because of laches or estoppel. The evidence warranted the Court's findings that the plaintiffs justifiably relied on the Academy for a proper administration of the trust; that they did not realize, nor were they negligent in not realizing, that the annuity should have been charged to the corpus and not deducted from income; and that they were not negligent in not previously taking action.

The Academy as trustee was under a positive duty to administer this trust according to its terms. Restatement (Second), Trusts, *s.* 164 (a). The Trial Court has found good cause to reopen and amend trustee's accounts 1-30 inclusive and has not accepted the Academy's contention that the plaintiffs were barred from obtaining relief by laches or estoppel. The record warrants these conclusions. The Academy's exceptions to the Court's decree are overruled including its exception to the allowance of interest in the sum of $109.43 to the estate of Josephine Fish Pendergast on a distribution of $891.80 due August 10, 1955 and paid into court by the trustee September 4, 1958. This represents interest at the rate of 4% per annum for that period. See *Kinghorn* v. *Athorne*, 102 N. H. 293, 295; *Foster* v. *McLane*, 84 N. H. 203; *Dennison* v. *Lilley*, 83 N. H. 422, 424; Restatement (Second), Trusts, *s.* 207 (1), *comment* c.

We consider lastly plaintiffs' exception to that part of the Court's decree which reads as follows: "The income which the beneficiaries have received from that part of the corpus which would have been paid out previously had the Isabel Gleason annuity been paid therefrom, shall be retained by the beneficiaries as interest in full up to the effective date of this decree, on the sums due them," viz. $15,500.

The plaintiffs maintain that they are entitled to interest at the legal rate from the time when the sums withdrawn from income to pay the annuity to Isabel would have been payable to them by the terms of the will and because the additional income, if any, which the beneficiaries may have received from the corpus not paid out for the annuity should only be set off against the

interest due them and not constitute the full interest to which they are entitled.

The Trial Court, although requested by the plaintiffs to do so, refused to find the Academy guilty of fraud. Nor was there a finding of bad faith by the trustee. Under those circumstances we cannot say that the amount of interest allowed by the Trial Court constituted an abuse of discretion or was error as a matter of law. *Miller* v. *Pender*, 93 N. H. 1, 5; 2 Scott, Trusts (2d *ed.*) *s.* 207; 30 Am. Jur., Interest, *s.* 15, *p.* 16; *Id.*, *s.* 35, *p.* 32.

*Exceptions overruled.*

All concurred.