Strafford,
No. 5653.

UNITED STATES FIDELITY & GUARANTY CO.

*v.*

MICHAEL KANCER, JR., *& a.*

Argued October 4, 1967.
Decided January 30, 1968.

*Charles F. Hartnett* ( by brief and orally ), for the plaintiff United States Fidelity and Guaranty Company.

*Wiggin, Nourie, Sundeen, Nassikas & Pingree* ( *Mr. John Nassikas* orally ), for defendants Michael Kancer, Jr., Ruth Kancer, and Michael Kancer, Sr.

*Burns, Bryant, Hinchey & Nadeau* ( *Mr. Donald R. Bryant* orally ), and *Scammon, Gage & Whitman* ( *Mr. Robert W. Whitman* orally ), for Henry C. Walker, executor u/w/o C. Duane Carlisle.

*Flynn, Powell & McGuirk and Raymond P. Blanchard* ( *Mr. Blanchard* orally ), for Rockingham Gas Company.

GRIFFITH, J. Petition for declaratory judgment seeking decree of non-liability of plaintiff under a policy issued by plaintiff to defendant Rockingham Gas Company and covering, within the limits of the policy, liability of defendant Rockingham Gas Company for claims arising from a gas explosion on September 18, 1963. The other remaining defendants have brought suit against the defendant Rockingham Gas Company for property damage, personal injuries and death caused by the explosion. The plaintiff alleged that it was not liable under the terms of its policy by reason of the failure of defendant Rockingham Gas Company to give notice of the accident in accordance with the terms of the policy. Trial by jury resulted in the following questions submitted by the Trial Court being answered as indicated:

( 1 ) Did the Rockingham Gas Company, through Mr. Moisan, give to the United States Fidelity and Guaranty Company notice of the accident of September 18, 1963, as soon as practicable under the circumstances of the case? Answer No.

( 2 ) Did the United States Fidelity and Guaranty Company waive its right to receive notice as soon as practicable? Answer Yes.

A third question submitted was not answered because of the answer to question ( 2 ).

Bills of exceptions were filed by all parties subsequent to the verdict and all questions of law raised were transferred by the Trial Court ( *Leahy,* C. J. ).

Numerous exceptions are before us from both the plaintiff and the defendants in their several bills of exceptions. The plaintiff argues that it was entitled to a decree in its favor on question number ( 1 ) as a matter of law and the defendants likewise contend that they were.

The evidence in the case indicated that there was an explosion on September 18, 1963 apparently involving equipment of the defendant gas company, that Edgar Moisan, president of the defendant company, learned of the explosion almost immediately and checked the company equipment, conferred with the fire marshal, representatives of another insurance company involved, and generally assisted in arrangements for tests carried out to determine the origin of the fire.

The plaintiff received no notice of the accident until November 22, 1963, some nine weeks after the accident. The notice was given by Rockingham Gas Company after an insurance agent recommended to Moisan that a report should be made. While the evidence may not have required a finding for the plaintiff as in *American Employers Ins. Co.* v. *Sterling,* 101 N. H. 434, the jury's finding for the plaintiff as a question of fact was clearly warranted by the evidence.

The jury by its answer to the second question found that the plaintiff had waived its right to deny liability because of late notice. The plaintiff argues that as a matter of law there was insufficient evidence to submit the question of waiver to the jury. The evidence warranted the jury finding that the plaintiff received notice of the claim on November 22, 1963 and denied coverage January 8, 1964. The accident was investigated by Mr. Paquette, the adjuster for the plaintiff, who knew of the late notice. The evidence warranted a finding that Paquette told Moisan on more than one occasion that the company would defend him to the limit of Rockingham Gas's monetary coverage; that the plaintiff failed to take the customary non-waiver agreement from the defendant; set up a reserve on the case; and, even after their letter of January 8, 1964, through Paquette indicated the company did not intend to take advantage of the late notice.

Waiver is the voluntary relinquishment of a known right and may be found from action, inaction or statements of the insurer by its authorized representatives. In the present case there was evidence of action, inaction and statements of the insurer, through

its agents, indicating an intention to waive the late notice after full knowledge of the facts. The verdict of the jury on this question may not be disturbed. *Bowen* v. *Casualty Co.,* 99 N. H. 107; *Therrien* v. *Maryland Cas. Co.,* 97 N. H. 180; *Kilgore* v. *Association,* 78 N. H. 498.

Plaintiff argues that Paquette's statements admitted over its exception should have been excluded on the grounds that they were beyond the scope of his authority as an adjuster. The testimony was clear that both Paquette and his superior Bocuzzo were authorized to investigate, adjust and settle claims in the New Hampshire area within the limits of their authority and that when the amount of settlement exceeded their authority it was referred to the home office. The statements and acts of the adjuster were relevant on the question of waiver and within the apparent authority of an adjuster dealing with an insured. The adjusters were for all purposes the company. *Schwartz* v. *Company,* 82 N. H. 177, 178; *Sullivan* v. *Insurance Co.,* 86 N. H. 184; *Sigel* v. *Boston & Maine R.R.,* 107 N. H. 8, 24; Restatement ( Second ), Agency, *s.* 161, 286, 288.

The plaintiff argues to this court that under paragraph 16 of their policy waiver could only be established by evidence of the execution of a specific endorsement. This issue was not raised in the Trial Court and it is well settled that in such a case no question of law is presented to this court. *Fitch Company* v. *Insurance Company,* 99 N. H. 1; *Baxter &c. Co.* v. *Company,* 98 N. H. 62.

Plaintiff's exceptions to the charge relating to the first issue are not considered since plaintiff prevailed on this issue.

There was no abuse of discretion in permitting defendants' counsel to argue last where they had the burden of proof. In fact, unlike the case of *Lynch* v. *Bissell,* 99 N. H. 473, in this case a different arrangement might well constitute an abuse of discretion.

The remaining exceptions of the plaintiff are without merit.

*Exceptions of all parties overruled.*

All concurred.