Nashua District Court
No. 7657

STATE OF NEW HAMPSHIRE

v.

WILFRID A. BOISVERT

March 31, 1977

*H. Philip Howorth,* city corporation counsel, by brief, for the City of Nashua.

*Wilfrid A. Boisvert,* by brief, pro se.

PER CURIAM. ■ We are asked herein to determine the constitutionality of an ordinance of the city of Nashua which provides: "No person shall serve as a Ward Worker (Moderator, Clerk, Selectman or Ballot Inspector) on election day who is on that same election day a candidate for any office other than Ward Worker." For the reasons which follow below, we hold that the ordinance is

in conflict with procedures established by the legislature governing the conduct of elections and with statutory provisions authorizing particular officials to perform various duties in connection therewith, and accordingly is invalid. RSA 47:17 XV; *State v. Paille,* 90 N.H. 347, 9 A.2d 663 (1939).

Defendant, who was the duly elected and qualified moderator of ward 7 in the city of Nashua, served in that capacity at a primary election held on September 14, 1976, despite his candidacy in the same election for nomination as a representative of ward 7 to the New Hampshire General Court. He did this with knowledge of the contested ordinance, under Representative Boisvert's belief that the prohibition contained therein was invalid. The city of Nashua brought a complaint against the defendant for violation of the ordinance, which the defendant moved to dismiss. The District Court (*Harkaway,* J.) denied the defendant's motion and transferred the question of the validity of the ordinance without ruling to this court.

The ordinance deals with subject matter which has been treated in depth in the *Revised Statutes Annotated.* The manner in which elections throughout the state are to be conducted is prescribed in great detail by RSA ch. 59 (*see* RSA 59:1). Furthermore, the functions to be performed by each of the various officials indicated in the ordinance are specifically and extensively delineated. The defendant's position of moderator is discussed variously in RSA chs. 40, 42, 44, 55, 56 and 59. For example, RSA 44:12 provides that the moderator, together with the selectmen and the clerk, shall perform the duties of "conducting elections, counting and declaring votes, recording the same, making returns of the votes received and certificates of elections, and all other matters relating to elections." RSA 59:64 specifies that it shall be the function of the moderator to secure the observance of the statutory provisions relative to the duties of election officers. RSA 59:88 directs the moderator to seal and certify the ballots. Moreover, RSA 59:70 requires that cities holding elections on days other than those of biennial elections shall be governed by the provisions of RSA ch. 59 *in the choice of city and ward officers* (emphasis added); and RSA 59:75, which authorizes the moderator to appoint assistant election officials, expressly prohibits the moderator from delegating the power to receive ballots and to declare the vote cast. Any improper actions of the moderator are governed by RSA 69:9 (Supp. 1975). *State v. Perry,* 113 N.H. 529, 309 A.2d 908 (1973).

■ We find that the foregoing provisions evidence a legislative intent that only the moderator, the official selected by the voters to perform the function of presiding over elections, may execute the duties discussed above. The ordinance in question is at variance with this statutory scheme and runs counter to the legislative purposes sought to be attained therein. This conclusion finds support in the consideration that uniformity in the conduct of the state election system is a desired goal of the legislature, *see Attorney-General v. Caldwell*, 92 N.H. 216, 29 A.2d 124 (1942), and is further buttressed by the legislative history surrounding certain bills introduced to deal with the subject matter of the Nashua ordinance. The trial court's findings of fact indicate that House bill 315, entitled "An Act Prohibiting any City or Town which has Authorized the Use of Voting Machines from Enacting an Ordinance which Prohibited a Candidate from Serving as a Town, City or Ward Worker" was introduced in the 1975 legislative session. The bill was referred to committee and reported out with a recommendation that it be indefinitely postponed. The defendant herein, as a member of the house, moved to substitute the recommendation "ought to pass." On the defendant's motion the following report was given by Representative Russell C. Chase:

> Mr. Speaker, I regretfully oppose the motion that is here before you. The committee is very appreciative of Rep. Boisvert's position in this whole matter, but . . . [i]n these instances the [state] laws say what communities do and it is a fact . . . that nowhere in the State Law or the Charter of the City of Nashua is there any authorization for them to pass this kind of legislation within the community.

Following the report of Mr. Chase the bill was voted down. *See* N.H.H.R. Jour. 245 (1975). During the same session House bill 988, entitled "An Act Prohibiting Candidates for Elective Office from Serving as Election Officers in Towns and Wards with Populations Exceeding 1000 Persons," was introduced, but the house failed to enact it. N.H.H.R. Jour. 1108 (1975).

Accordingly, we hold that the Nashua ordinance, being "repugnant to the . . . laws of the state" within the meaning of RSA 47:17 XV, is invalid.

*Exception sustained.*