Strafford
No. 7879

DOVER NEWS, INC. d.b.a.
READING & GREETING

v.

CITY OF DOVER, NEW HAMPSHIRE & a.

December 30, 1977

*Sheehan, Phinney, Bass & Green,* of Manchester (*Mr. W. Michael Dunn* orally), for the plaintiffs.

*Frank A. Carter, Jr.,* city solicitor, of Dover, by brief and orally, for the defendants.

PER CURIAM. This is an action seeking to enjoin enforcement of an ordinance of the city of Dover regulating the display of adult books and magazines. Plaintiff's request for a temporary injunction was denied by *Mullavey,* J., and the case was transferred without ruling on the constitutionality of the ordinance.

Plaintiff is a New Hampshire corporation that sells books, periodicals, newspapers, and other items to the general public in Dover, its principal place of business. In March of 1977, the city enacted Ordinance #8-77 which regulates the display of adult books and magazines, defined in the ordinance as being harmful to minors,

for the purpose of preventing children from observing them or their contents.

The ordinance, in its definition of terms and its test for determining what material is controlled, tracks RSA ch. 571-B as it existed in 1969 before it was replaced by the present RSA ch. 571-B in 1976, which is not as broad as the 1969 statute and which does not seek to control some of the material covered by the earlier law. Both statutes prohibit the sale and distribution to children of materials not prohibited to adults under RSA ch. 650, (Supp. 1976), which bans the sale and distribution to anyone of obscene material as therein defined. In general, the ordinance prohibits the display of adult material below sixty inches from the floor.

 Plaintiff's first contention is that the city is without statutory authority to enact this type of ordinance. As a subdivision of the state the city of Dover may exercise such powers as are expressly or impliedly granted to it by the legislature. Although there exists no express authority for a city to enact an ordinance regulating the display of adult books and magazines, RSA 47:17 XV after granting the power to enact ordinances with respect to certain enumerated activities states:

> They may make any other by-laws and regulations which may seem for the well-being of the city; but no by-law or ordinance shall be repugnant to the constitution or laws of the state; and such by-laws and ordinances shall take effect and be in force from the time therein limited, without the sanction or confirmation of any other authority whatever.

In our opinion this authorizes the city to enact the type of ordinance here in question.

 Plaintiff also argues that the city is precluded from enacting an ordinance regulating the display of adult books and magazines by virtue of the fact that the state has enacted legislation covering this entire field and has therefore preempted the city from acting. We do not agree. The state has sought to deal with the general problem of sexually explicit materials in two ways. The first is through chapter 650 of the Criminal Code relating to obscene matter, *i.e.*, material that is unprotected by the first amendment and N.H. Const. pt. I, art. 22 (Supp. 1975) and is therefore totally prohibited.

The second way is chapter 571-B (Supp. 1976) which generally provides that it shall be unlawful to expose harmful materials to a minor. The statute prohibits any person from knowingly giving, selling, loaning or otherwise providing sexually explicit materials or exhibiting a motion picture, show or other presentation depicting or describing sexual conduct to a minor. The city ordinance on the other hand attempts to protect the minor child by preventing the sexually explicit materials from being displayed in such a manner as to be easily visible or readily accessible to small children in any establishment where the minors are invited as part of the general public. The failure of the legislature in 1975 to enact House bill 845 which would have amended RSA 571-B:2 (1974) to prohibit a person from "openly display[ing] where a minor is present any picture, photograph [etc.] . . . ." is not legislative action in this area which would prohibit the municipalities from enacting a display ordinance. We can discern no clear meaning from the legislature's failure to enact the proposed amendment and for our purpose ascribe no significance to it. *Wisdom v. Norton,* 507 F.2d 750, 757 (2d Cir. 1974). RSA 47:17 XV prohibits only ordinances which are repugnant to the constitution and laws of the state.

A properly drawn display ordinance would not, in our opinion, be repugnant to any state law. Such an ordinance should, of course, contain a requirement that the proscribed conduct be "knowingly" committed. RSA 571-B:1, II(a) (Supp. 1976); *see Hamling v. United States,* 418 U.S. 87 (1974). It also must be directed only at "those persons actually [knowingly] responsible for the . . . display" of the material. Statement of Legislative Intent, Laws 1976, 46:6. Finally, the material must be considered "as a whole." *Opinion of the Justices,* 115 N.H. 226, 227–228, 337 A.2d 777, 778 (1975).

The legislature has not seen fit to enter the field of controlling the display of adult material, and therefore until it does it leaves it open for the cities and towns to do so. *See State v. Hutchins,* 117 N.H. 924, 380 A.2d 257 (1977). Although we cannot agree that the state has preempted the entire field governing sexually explicit materials, we hold that the city's present attempt to regulate the display of these materials is invalid because it prohibits the display below sixty inches of materials which the state has not currently determined to be harmful to children. By using the definitions contained in old RSA 571-B:1 (1974) rather than the def-

initions contained in present RSA 571-B:1 (Supp. 1976), the city has failed to limit the scope of the ordinance to those materials which can properly be described as harmful under state law as set forth by the legislature. It therefore conflicts with state legislation on this subject and is invalid as presently worded. *State v. Paille,* 90 N.H. 347, 350, 9 A.2d 663, 665 (1939); RSA 47:17 XV.

█ Nothing in this opinion should be read as prohibiting a city from enacting a narrowly drawn display ordinance with reasonable and definite standards that relate to materials covered by RSA 571-B:1 (Supp. 1976) and any future amendments thereto. Although RSA ch. 571-B relates to materials which are protected as to adults by the first amendment to the Constitution of the United States, the states may reasonably control such materials with respect to minors. *See Ginsberg v. New York,* 390 U.S. 629 (1968) and *Miller v. California,* 413 U.S. 15, 18 (1973).

A properly drawn display ordinance has only an incidental effect on a storeowner's right to sell "adult magazines" and an adult's ability to purchase the same. In *Young v. American Mini Theatres,* 427 U.S. 50 (1976), a Detroit zoning ordinance requiring "adult" motion picture theaters to be at least 1,000 feet from certain other regulated uses was upheld. The supreme court pointed out in *Young,* 427 U.S. at 63 n.18 that:

> Reasonable regulations of the time, place and manner of protected speech, where those regulations are necessary to further significant governmental interests, are permitted by the First Amendment. See, *e.g., Kovacs v. Cooper,* 336 U.S. 77 (limitation on use of sound trucks); *Cox v. State of Louisiana,* 379 U.S. 559 (ban on demonstrations in or near a courthouse with the intent to obstruct justice); *Grayned v. City of Rockford,* 408 U.S. 104 (ban on willful making, on grounds adjacent to a school, of any noise which disturbs the good order of school session.)

The Detroit ordinance did "treat adult theaters differently from other theaters and the fact that the classification is predicated on the content of material shown in the respective theaters, the regulation of the place where such films may be exhibited does not offend the First Amendment." *Id.* at 63. *But see Erznoznik v. Jacksonville,* 422 U.S. 205 (1975).

■ We conclude that under the N.H. Constitution, part I, article 22 and the first amendment, a vertical sixty-inch adult magazine and book "zone" is comparable to Detroit's horizontal adult movie zoning. Dover's concern about the morals of minors is a valid state interest. *See* Berns, The First Amendment and the Future of American Democracy 216 (1976).

■ We, of course, cannot approve in advance any future amended ordinance. The trial court can, in the first instance, rule on its constitutionality, but except in cases of irreparable harm no restraining order should issue until the matter has been passed upon by this court. *See Musgrove v. Parker*, 84 N.H. 550, 153 A. 320 (1931); *Just v. Marinette County*, 56 Wis. 2d 7, 26, 201 N.W.2d 761, 772 (1972).

*Dover Ordinance #8-77*
*declared void.*

FLYNN and CANN, JJ., sat by special assignment pursuant to RSA 490:3; all concurred.