Hillsborough
No. 7893

JOHN C. LAVALLEE & a.

v.

EDWARD J. BRITT AND
TOWN OF PELHAM ZONING BOARD OF ADJUSTMENT

March 10, 1978

*Soule, Leslie & Bronstein,* of Salem (*David W. Sayward* orally), for the plaintiffs.

*Smith, Welts & Currier,* of Nashua (*Philip R. Currier* orally), for the defendant town of Pelham Zoning Board of Adjustment.

*Sullivan, Gregg & Horton,* of Nashua, for the defendant Edward J. Britt, filed no brief.

GRIMES, J.   This is an action under RSA 31:77 in which the selectmen of the town of Pelham appealed the Pelham Board of Adjustment's grant of a variance to Edward J. Britt. After the

board of adjustment had denied their motion for rehearing, the selectmen appealed to the superior court alleging violations by the board of article VI of the Pelham zoning ordinance, which in part requires the board to record its findings of fact. The defendants moved to dismiss the appeal to the extent it asserted violations of article VI, contending that the article was invalid. The superior court denied the motion to dismiss and remanded the case to the board for compliance with the provisions of article VI D(4)(a) and (c) of the zoning ordinance. Questions of law raised by the defendants' exceptions to these rulings were reserved and transferred by *Flynn, J.*

On May 10, 1976, defendant Britt was granted a variance by the Pelham Board of Adjustment permitting the sale of groceries at his home produce stand, located in an area zoned residential. The selectmen alleged that the variance was improperly granted because the board had failed to record its findings of fact as required by article VI D(4)(a) and (c) of the Pelham zoning ordinance. This section provides: "If the Board votes to grant a variance, it shall set forth in its minutes how the applicant has met each of the four conditions which must be met in order to obtain a variance. If the Board votes to deny a variance, it shall set forth in its minutes which condition or conditions necessary for a variance the applicant failed to establish."

Plaintiffs' petition also alleged violations by the board of sections E(1) and E(2) of article VI of the zoning ordinance. These provisions require that the board base its decision on the evidence presented at the hearing rather than the allegations contained in the application seeking a variance, and require that the board observe specific guidelines established by the section in determining whether the grant of a variance would violate the spirit and intent of the ordinance.

First, we are presented with a question concerning the scope of the issues presented for review. Defendants contend that we should review the validity of all the sections of article VI that were allegedly violated in plaintiffs' petition; plaintiffs argue that our inquiry should properly be restricted to the question whether the "findings" requirement of article VI is valid. At the hearing in superior court, plaintiffs urged only that the board had violated the "findings" requirement of article VI. The superior court limited its decision to the question whether the "findings" requirement was valid, and expressly confined its remand to compliance with article

VI D (4) (a) and (c), the "findings" section. Therefore the only issue presented for review on this record is whether the "findings" requirement of article VI is valid. *Wiggin v. Kent McCray Co.*, 109 N.H. 342, 348, 252 A.2d 418, 423 (1969); *United States F. & G. Co. v. Kancer*, 108 N.H. 450, 453, 238 A.2d 5, 8 (1968); *see Poisson v. Manchester*, 101 N.H. 72, 76, 133 A.2d 503, 505 (1957); *Leavitt v. Benzing*, 99 N.H. 193, 195–96, 107 A.2d 682, 683–84 (1954). We decline defendants' invitation to consider issues not presented by the record when our advice is sought on questions which may never arise in the subsequent litigation of this case. *Aldrich v. Beauregard & Sons*, 105 N.H. 330, 340, 200 A.2d 14, 21 (1964); *White M't'n &c. Co. v. Murphy*, 78 N.H. 398, 403, 101 A. 357, 360–61 (1917).

Defendants argue that the "findings" requirement of the town ordinance is invalid because towns do not have the power to prescribe rules of procedure to govern proceedings before the board of adjustment. Defendants rely on the "long established principle under our law that towns are but subdivisions of the State and have only the powers the State grants to them," *Piper v. Meredith*, 110 N.H. 291, 295, 266 A.2d 103, 106 (1970); *accord Bisson v. Milford*, 109 N.H. 287, 288, 249 A.2d 688, 689 (1969), and contend that nowhere in New Hampshire's zoning enabling legislation, RSA 31:60–89, is a town granted the authority to adopt rules governing procedure before the board of adjustment.

Towns have such powers as the legislature specifically grants to them and such powers as are implied or incidental to an express grant. *Dover News, Inc. v. Dover*, 117 N.H. 1066, 381 A.2d 752 (1977) (per curiam); *State v. Zetterberg*, 109 N.H. 126, 129, 244 A.2d 188, 191 (1968). RSA 31:60 and RSA 31:66 grant to the town the power to enact zoning regulations and the further power to establish a board of adjustment for the purpose of making special exceptions and variances from the terms of the zoning ordinances. *See* RSA 31:72. The grant of these powers by the State to the municipality, without specifically prescribing the mode of exercising such powers, necessarily confers the further power to prescribe reasonable procedures necessary to effectuate the purpose for which the power is given. 2 E. McQuillin, Municipal Corporations, § 10.29, at 813 (3d ed. 1966); 62 C.J.S. *Municipal Corporations* § 59, at 321 (1949). Pursuant to the municipalities' power to pass zoning regulations and to establish a board of adjustment for the purpose of granting variances and exceptions from the

terms of the zoning ordinances, we think that the municipality may prescribe reasonable procedures for the board to follow in order to carry out this purpose. The requirement that the board record its findings or reasons for granting or refusing to grant a variance may therefore be imposed by municipal ordinance. *See Robey v. Schwab,* 307 F.2d 198 (D.C. Cir. 1962); *Stroll v. Gulf Oil Corp.,* 155 N.E.2d 83 (Ohio Com. Pl. 1958); *Markovitch v. Feriola,* 22 App. Div. 2d 691, 253 N.Y.S.2d 417 (1969); 8A E. McQuillin, *supra* § 25.272, at 264; 3 R. Anderson, American Law of Zoning § 20.41, at 540 (1977).

██  The defendants contend that to find power in the town to prescribe procedures for the board to follow conflicts with the provisions of RSA 31:68, which provides: "[t]he board shall adopt rules in accordance with the provisions of the ordinances. . . ." An ordinance may not impose requirements that are inconsistent with a State statute, RSA 47:17 XV; *State v. Hutchins,* 117 N.H. 924, 380 A.2d 257 (1977); *State v. Boisvert,* 117 N.H. 291, 371 A.2d 1182 (1977) (per curiam); *State v. Jenkins,* 102 N.H. 545, 162 A.2d 613 (1960), but we find no inconsistency here. RSA 31:68 grants to the board the authority to adopt rules governing the procedure before it, subject to "the statutory command . . . that they shall conform to the ordinances," *Stone v. Cray,* 89 N.H. 483, 489, 200 A. 517, 522 (1938), thereby reserving to the municipality the ability to regulate the procedure before the board through adoption of an ordinance. *See Carter v. Nashua,* 113 N.H. 407, 308 A.2d 847 (1973). In addition, the fact that the legislature has itself prescribed certain procedures for the board to follow in RSA 31:68 and RSA 31:72 V does not prevent the municipality from imposing additional requirements. Nowhere has the legislature manifested an intent to cover this entire field. Absent a clear manifestation of legislative intent to preempt this field, the municipality may enact an ordinance which neither conflicts with State legislation nor is itself unreasonable. *Dover News, Inc. v. Dover,* 117 N.H. 1066, 381 A.2d 752 (1977); *State v. Hutchins,* 117 N.H. 924, 380 A.2d 257 (1977). We therefore find nothing in RSA 31:60–89 that prevents the town from requiring the board of adjustment to record the findings by which it arrived at its decision and hold that such a requirement may validly be imposed by ordinance.

*Exceptions overruled.*

LAMPRON, J., did not sit; the others concurred.