Rochester District Court
No. 7887

### THE STATE OF NEW HAMPSHIRE
### (by CITY OF ROCHESTER)

v.

### GEORGE E. DRISCOLL

April 7, 1978

*Fisher, Parsons, Moran & Temple,* of Dover (*Harold D. Moran* orally), for the city of Rochester.

*Michael & Jones,* of Rochester (*Franklin C. Jones* orally), for the defendant.

BOIS, J. This appeal centers on whether that part of chapter XVI of the Rochester city ordinance regulating the use of ambulance sirens is valid. The defendant was tried and convicted by the district court of operating an ambulance siren in the city of Rochester in violation of the ordinance. The defendant seasonably excepted to the denial of his motion to dismiss. All questions of law raised by this and other exceptions were reserved and transferred by *Cooper,* J.

We hold that, to the extent the ordinance in question attempts to regulate and restrict the use of ambulance sirens on emergency vehicles, it is invalid. The defendant's exception to the denial of the motion to dismiss is sustained and his conviction reversed.

On June 30, 1977, the defendant, chief of the Sanford, Maine, Fire Department, received an emergency call from the Rochester Fire Department requesting the defendant to transport an automobile accident victim from Lebanon, Maine, to Frisbie Memorial Hospital in Rochester. While responding to the call and driving his rescue/ambulance vehicle through downtown Rochester en route to the hospital, the defendant sounded the vehicle's siren. He was arrested for doing so. We note that prior to this incident the defendant had been warned that section 38(a) of chapter XVI of the ordinance forbade the use of all but high-low pitch electronic sirens on emergency vehicles in the compact area of the city. He had also been advised to use an alternative route to avoid the compact portion of the city. Driscoll, admittedly on an emergency run, was intent on testing the validity of the ordinance.

In pertinent part, chapter XVI of the *Rochester City Ordinances* provides:

> *Section 36:* No person shall operate any vehicle on any street so as to make any loud, unusual or other unnecessary noise as hereinafter defined in Section 38 of this chapter.
> . . . .

*Section 37:* No person shall operate any vehicle in the compact portion of the City of Rochester so as to make any loud, unusual or other unnecessary noise as hereinafter defined in Section 38 of this Chapter.

*Section 38: Definitions*

(a) The word "vehicle" shall include bus, highway building equipment, motorcycle, motor truck, motor vehicle, semi-trailer, sidecar, tractor, trailer or ambulance, fire truck, including but not restricted to any motor vehicle operated by or under the control of a regular or volunteer fireman or police officer.

FURTHER, meaning and intending that no sirens as presently used on mobile emergency apparatus shall be used in the City of Rochester on any vehicle for any purpose.

■■ We hold that because the legislature has undertaken the regulation of emergency vehicle sirens in several ways, it has clearly manifested an intent to preempt the field. *See Lavallee v. Britt,* 118 N.H. 131, 383 A.2d 709 (1978); *Dover News, Inc. v. Dover,* 117 N.H. 1066, 381 A.2d 752 (1977); *State v. Hutchins,* 117 N.H. 924, 380 A.2d 257 (1977). So far as sections 36–38 of chapter XVI of the city ordinance curb the uses of sirens on mobile emergency apparatus, they are invalid.

■■ There is no question but that under the police power, a municipality can regulate or prohibit noises which may affect the public health or welfare." 56 Am. Jur. 2d *Municipal Corporations, Counties and Other Political Subdivisions* § 470 (1971). City councils are empowered by RSA 47:17 XV to enact bylaws and ordinances for the well being of their cities. Such power, however, is not un-limited; local legislation must not be inconsistent with State law. *Lavallee v. Britt,* 118 N.H. 131, 383 A.2d 709 (1978); *Dover News, Inc. v. City of Dover,* 117 N.H. 1066, 381 A.2d 752 (1977); *State v. Boisvert,* 117 N.H. 291, 371 A.2d 1182 (1977); *State v. Paille,* 90 N.H. 347, 9 A.2d 663 (1939); RSA 47:17 XV.

■ Local legislation is repugnant to State law when an ordinance or bylaw either expressly contradicts a statute, *e.g., State v. Jenkins,* 102 N.H. 545, 162 A.2d 613 (1960); *State v. Angelo,* 71 N.H. 224, 51 A. 905 (1902), or else runs counter to the legislative intent underlying a statutory scheme, *e.g., Dover News, Inc. v. City of Dover supra; State v. Boisvert supra; State v. Paille supra.*

■ One statute preempting the ordinance in question is RSA ch. 151-B (Supp. 1975), which creates an emergency medical service coordinating board. To fulfill the statutory purpose of facilitating the transportation of the injured or sick "in the shortest practical time" and "in proper equipment," RSA 151-B:1 I, II (Supp. 1975), the legislature empowered the board to set standards to be met by cooperating groups throughout the State. RSA 151-B:3, :4 (Supp. 1975). The board is authorized to establish minimum standards for, *inter alia*, "vehicles" and "equipment for vehicles." RSA 151-B:4 III(b), (c) (Supp. 1975). Section 12 of the chapter provides that:

> Subject to the approval of the emergency medical service coordinating board, the director of the division of public health shall issue regulations to govern the standards of suitability of ambulances for the transportation of patients from the standpoint of . . . safety [and] ambulance markings. . . .

The practical effect of the Rochester ordinance would be to displace the statutory authority of the board and of the division of public health to determine, which, if any, types of ambulance sirens are necessary. RSA ch. 151-B (Supp. 1975) evidences the legislature's intent to make uniform State law regarding ambulance sirens.

■ Another type of uniformity sought by the legislature is nationwide uniformity of motor vehicle law. In both RSA ch. 263-B and RSA 262-A:7, which we hold also preempt the ordinance, the legislature has enacted variations of interstate compacts, designed to conform New Hampshire law to that of other participating States.

RSA ch. 263-B, the vehicle equipment safety compact, was enacted in part to "[p]romote uniformity in regulation of and standards for [vehicular] equipment." RSA 263-B:1(b)(1). The vehicle equipment safety commission, composed of one commissioner from each party State, is empowered to issue rules, regulations, and codes based on its study of "the need for or desirability of the establishment of or changes in performance requirements or restrictions for any item of equipment. . . ." RSA 263-B:5(a). The legislature granted this power because it found that "[t]he public safety further requires that such [equipment] standards and requirements be uniform from jurisdiction to jurisdiction, except to the extent that specific and compelling evidence supports variation." RSA 263-B:11 II. Obviously, the legislative intent underlying this statute would be frustrated if municipalities could enact their own varying laws about the types of sirens permitted to be used on emergency vehicles.

The State likewise exercised its jurisdiction over emergency vehicles in enacting RSA 262-A:7, part of the Uniform Vehicle Code (an interstate compact). This statute directs that:

> A person operating an emergency vehicle, as defined in Chapter 259, shall not use the siren or flashing light, *as approved by the director of motor vehicles*, except when such vehicle is being operated in response to an emergency call. . . . (Emphasis added.)

Under this statute, the State director of motor vehicles is the person vested with discretion to regulate the use of ambulance sirens. Here, also, the statutory scheme contemplates that the use of sirens be regulated and controlled at the State level.

■ We sympathize with the purpose of the ordinance, *i.e.*, reduction of noise in the city. The State, however, has authoritatively acted to control the use of sirens on emergency vehicles, and has thereby preempted the field. Ample statutory authority exists for the plaintiff city to abate noise by emergency vehicles when those vehicles are not responding to emergency calls. RSA 47:17; *see* RSA 262-A:7.

In view of our holding we need not reach the other issues raised by the defendant.

*Exceptions sustained; remanded.*

LAMPRON, J., did not sit; the others concurred.