Rockingham
No. 80-194

DERRY SAND & GRAVEL, INC. & a.

v.

TOWN OF LONDONDERRY

June 12, 1981

*Sheehan, Phinney, Bass & Green,* of Manchester (*James E. Higgins* on the brief and orally), for the plaintiffs.

*Richard F. Therrien,* of Manchester, by brief and orally, for the defendant.

DOUGLAS, J. The plaintiffs, Derry Sand & Gravel, Inc., and Grassy Knoll Associates, appeal from an order of the superior court requiring Grassy Knoll Associates to comply with the Londonderry dump ordinance before operating a private disposal site on a 200-acre tract of land in that town. We affirm the order of the trial court.

The 200-acre tract of land in question was originally a farm owned by the Thomopoulos family. From 1964 to 1979, George Thomopoulos operated a public dump on a five-acre section of the tract in accordance with an agreement with the town. Thomopoulos later formed Derry Sand and Gravel, Inc., with himself as sole stockholder and the land as the principal asset of the corporation. In 1978, Peter Johnson of Grassy Knoll Associates negotiated with Thomopoulos to purchase all of the stock of Derry Sand & Gravel, Inc. Grassy Knoll Associates planned to establish a private disposal site on the land.

RSA 147:30-b prohibits the operation of a private disposal site unless the operator first obtains the approval of the town select-

men and the State under RSA 147:30-d IV. Seeking to obtain the required town approval, Johnson attended a meeting of the Londonderry Board of Selectmen on March 9, 1979. In executive session, Johnson explained his plans to the board and presented them with a draft letter granting approval under RSA 147:30-d IV. After a cursory examination and brief discussion of the terms of the letter, the selectmen approved it and sent it out over their signatures on March 13, 1979. Although the letter approves the entire 200-acre tract as a private disposal site, the minutes of the executive session indicate that the parties actually agreed that operation of the facility would be limited to its current use as a public dump on five acres of the tract.

In June 1979, Grassy Knoll Associates purchased the stock of Derry Sand & Gravel, Inc. and began to proceed with its plans to open a private disposal site, but a dispute arose with the town over the operation of the facility. The town asserted that although Grassy Knoll Associates had received an RSA 147:30-d letter it had not complied with the town's dump ordinance and therefore would not be allowed to operate the private disposal site until it had done so. Additionally, the town informed Grassy Knoll Associates that it considered the selectmen's March 13, 1979, letter giving approval under RSA 147:30-d to operate a private disposal site to be invalid.

Derry Sand & Gravel, Inc. and Grassy Knoll Associates brought a petition to enjoin the town from interfering with the operation of a private disposal site and a petition for a declaratory judgment on the validity of the selectmen's March 13, 1979, letter of approval. After a trial, the Master (*Charles T. Gallagher*, Esq.) ruled that the selectmen's March 13, 1979, letter of approval under RSA 147:30-d was valid and binding on the town, but that the plaintiffs had to comply with the town's dump ordinance before operating the private disposal site. Accordingly, he recommended a decree dismissing the petition for injunction. The Superior Court (*Temple*, J.) entered a decree in accordance with the master's recommendation. The plaintiffs appeal from the determination that they are required to comply with the town dump ordinance. The town did not appeal from the ruling that the RSA 147:30-d letter was valid.

The plaintiffs first argue that RSA 147:30-a to -d preempts the Londonderry dump ordinance. A State statute preempts a local ordinance when the legislature clearly manifests an intent to do so or when the statute and ordinance conflict. *Public Serv. Co. v. Town of Hampton*, 120 N.H. 68, 71, 411 A.2d 164, 166 (1980); *Lavallee v. Britt*, 118 N.H. 131, 134, 383 A.2d 709, 711–

12 (1978); *State v. Hutchins*, 117 N.H. 924, 926, 380 A.2d 257, 258 (1977); *see Region 10 Client Management, Inc. v. Town of Hampstead*, 120 N.H. 885, 888, 424 A.2d 207, 209 (1980). RSA 147:30-d provides:

> "Nothing in this subdivision shall be construed to prohibit the maintenance of a dump site located on a person's own property . . .
>
> IV. As a private disposal site if upon application to the selectmen it is not found that it will probably constitute a nuisance or be injurious to the public interest *and* provided that it shall be approved by the department of public health and operated subject to all rules and regulations promulgated under RSA 147:28."

(Emphasis added.) By requiring local approval of a disposal site as well as State approval, the legislature has not manifested an intent to preempt local regulation but rather has expressly provided for it. If the selectmen do not approve an application for a site, then it will not be built in their town. Although the statute does not specify a mechanism by which selectmen may determine whether a facility will be a nuisance or "injurious to the public interest," town by-laws such as the Londonderry dump ordinance would normally establish such a procedure. Thus, local regulations play an important part in the statutory scheme and do not conflict with the statute. Londonderry's dump ordinance, if not otherwise unreasonable, may operate consistently with RSA 147:30-d IV. *See Lavallee v. Britt supra.*

The next issue the plaintiffs raise concerns the reasonableness of the dump ordinance itself. They argue that the ordinance is unconstitutionally vague because it fails to provide standards governing the selectmen's decision to issue a license to operate a private dump. Londonderry's dump ordinance provides:

> "A. PURPOSE.
>
> To provide for orderly, sanitary and reasonable provisions for the disposal of garbage and waste in the Town of Londonderry, New Hampshire.
>
> . . .
>
> "C. PRIVATE DUMPS.
>
> No private dump or junk yard as defined by statute or the provisions of this ordinance, which ever is more restrictive shall be maintained within the Town of Londonderry except by license issued by the Board of Selectmen, after a public hearing at which time good

cause and sufficient reason must be shown, justifying, in the opinion of the Selectmen, the issuance of such a license."

◼️ We will not strike down an ordinance as unconstitutionally vague simply because it does not precisely apprise an applicant of the standards by which the selectmen will make their decision. *Durant v. Town of Dunbarton*, 121 N.H. 352, 355, 430 A.2d 140, 143 (1981); *Town of Freedom v. Gillespie*, 120 N.H. 576, 580, 419 A.2d 1090, 1092 (1980); *see Carbonneau v. Town of Rye*, 120 N.H 96, 98, 411 A.2d 1110, 1112 (1980). The standards set out in the dump ordinance are that the selectmen may issue a license for "good cause and sufficient reason." This court has long recognized that those terms provide adequate criteria to guide a governmental body, such as a board of selectmen, in the exercise of its discretion. *See Thompson v. Phillips Exeter Academy*, 105 N.H. 153, 156-57, 196 A.2d 42, 45 (1963); *Bretton Woods Co. v. Carroll*, 84 N.H. 428, 432, 151 A. 705, 707 (1930); *Whitcher v. Benton*, 50 N.H. 25, 27 (1870). In this case, the ordinance contains a statement of purpose which further defines the terms of the ordinance. *See Smith Insurance, Inc. v. The Grievance Committee*, 120 N.H. 856, 861, 424 A. 2d 816, 818-19 (1980). "Good cause and sufficient reason" are any circumstances that further the ordinance's stated goals of establishing provisions for the "orderly" and "sanitary" disposal of garbage and waste in the town. While not a model to be emulated, we do find the ordinance adequate to inform an applicant of what facts he must establish in order to obtain a license.

◼️◼️ The plaintiffs' final argument is that the dump ordinance was invalidly adopted under RSA 31:39 (Supp. 1979) because it regulates the use of land and, therefore, could only have been validly enacted pursuant to the procedures set forth in RSA 31:60 to :89. RSA 31:39 (Supp. 1979) permits towns to make by-laws "respecting the collection, removal and destruction of garbage, snow and other waste materials . . . and for making and ordering their prudential affairs." *See generally Girard v. Town of Allenstown*, 121 N.H. 268, 271, 428 A.2d 488, 490 (1981). The first provision authorizes enactment of an ordinance such as the one in question. Additionally, this court has interpreted that statute to afford towns wide, but not unlimited, latitude in making by-laws "which generally fall into the category of health, welfare, and safety" without following the provisions for adopting zoning regulations established by RSA 31:60 to :89. *Beck v. Town of Raymond*, 118 N.H. 793, 797-98, 394 A.2d 847, 850 (1978) (and cases cited there-

in). The regulation of the disposal of garbage and waste falls within that category. "Quite obviously, the expeditious removal and disposal of waste substances are essential to protect against health menaces, danger of fire, and offensive and unwholesome smells." 7 E. McQUILLIN, THE LAW OF MUNICIPAL CORPORATIONS § 24.242 (3d ed. rev. 1968); *see State v. Cohen*, 73 N.H. 543, 545, 63 A. 928, 929 (1906). Although a dump regulation such as the one in this case may incidentally affect the use of land, that fact does not make it a zoning regulation. Such an incidental effect on the use of land is not "comprehensive" enough to require that the ordinance be adopted pursuant to RSA 31:60 to :89. *See Beck v. Town of Raymond*, 118 N.H. at 798–99, 394 A.2d at 850–51.

■■ We hold that the Londonderry dump ordinance is valid and not preempted by RSA 147:30-d IV. Local review of disposal sites is an essential part of the statutory scheme. Because the plaintiffs in this case have not complied with the local dump ordinance, the master was correct in ordering them to do so.

■ We note, however, that the actions of the town selectmen in this case were not of the type envisioned by the statute. Selectmen should make a careful inquiry to determine whether a site would constitute a nuisance or "be injurious to the public interest" *before* giving approval. Ordinarily, that determination would require that the proper procedures set out in local ordinances be followed.

*Affirmed.*

All concurred.