Merrimack
No. 80-479

TOWN OF SALISBURY

v.

NEW ENGLAND POWER COMPANY & a.

November 16, 1981

*Roger G. Burlingame,* of Franklin, by brief and orally, for the plaintiff.

*Orr & Reno,* of Concord (*Anne C. Hagstrom* on the brief and orally), for the defendant New England Power Company.

*Sheehan, Phinney, Bass & Green,* of Manchester (*Suzanne E. Groff* on the brief and orally), for the defendant John C. Brown & Sons, Inc.

BROCK, J. The issue in this case is whether an ordinance enacted by the town of Salisbury, restricting the use of chemical defoliants within the town, is valid. We hold that it is preempted by State law and is, therefore, invalid.

Subsequent to enactment of the ordinance in question, the defendant John C. Brown & Sons, Inc., hired by New England Power Company to keep its power line rights-of-way in the town of Salisbury clear, used chemical defoliants in performing its task. Following this, the town sought and obtained a temporary injunction, enjoining the defendants, New England Power Company (NEPCO) and John C. Brown & Sons, Inc., from using chemical defoliants within the town. The Superior Court (*Temple*, J.) then approved a petition for an interlocutory transfer without ruling (RSA 491:17) to this court in order to resolve the defendants' contention that the ordinance is invalid because of preemption by both State and federal legislation.

At the 1976 annual town meeting, the voters of Salisbury adopted the following ordinance:

> "[A]n ordinance to prohibit the use of chemical defoliants within the Town by any person other than the fee owner of the land on which the said chemical defoliants is used, or with the express written consent of said fee owner, and then only such chemical defoliants that will neither destroy useful or desirable vegetation that either prevent erosion or produce a useful crop, unless said vegetation destroyed by said chemical defoliants is properly replaced by the same desirable or useful vegetation or other vegetation that is capable of serving said desirable or useful purpose. The replacement shall be accomplished within a reasonable time in order to prevent erosion or the use of the crop. The Town shall enforce this ordinance through criminal, civil or equitable process by the Selectmen on request of the Conservation Commission of the Town. The criminal penalty for a violation of this ordinance shall be the maximum permitted by law."

"Local legislation is repugnant to State law when an ordinance or bylaw either expressly contradicts a statute or else runs counter to the legislative intent underlying a statutory scheme." *State v. Driscoll*, 118 N.H. 222, 224, 385 A.2d 218, 220 (1978) (citations omitted); *see Derry Sand & Gravel, Inc. v. Town of Londonderry*, 121 N.H. 501, 503–04, 431 A.2d 139, 140 (1981). Our legislature has enacted two separate statutory chapters that regulate the use of chemical sprays of the type contemplated by the Salisbury ordinance. RSA ch. 149-D (Pesticides Control); RSA ch. 438 (Supp. 1979) (Economic Poisons Law).

Of particular import is the fact that RSA ch. 149-D establishes a State agency that is empowered and commanded to regulate the

use of pesticides, RSA 149-D:2, and by statutory definition, defoliants are included within the term "pesticide." RSA 149-D:3 VIII. Any person who wants to use these substances must either register with the board or obtain a permit, RSA 149-D:4, and commercial users must first establish their competency and financial responsibility with the Pesticides Control Board. RSA 149-D:4 I.

The board, pursuant to its powers to promulgate and adopt regulations, has developed a comprehensive regulatory scheme. Under these regulations, additional requirements and restrictions are placed upon pesticide users. Moreover, one regulation provides: "No application of pesticides shall be made to rights of way, including but not limited to power transmission and distribution lines, gas pipeline, railroad, public road, of the State without prior approval of the Board or its designated agent." Regulation III, 12 of the New Hampshire Pesticides Control Board. Clearly, the board has recognized the concerns associated with the use of defoliants along rights-of-way, and has, pursuant to its statutory authority, promulgated this regulation to deal with such applications on a case-by-case basis.

Local town ordinances affecting such spraying operations would serve only to impede the board's exercise of its lawful authority and application of its expertise in a field where expertise is of critical importance. The validity of such ordinances cannot be sustained. *See J. E. D. Associates, Inc. v. Town of Sandown,* 121 N.H. 317, 319, 430 A.2d 129, 130 (1981). We conclude, on the basis of RSA ch. 149-D and the regulations promulgated by the board requiring special permits for spraying rights-of-way, that the State has preempted the field of pesticide and defoliant regulation. "Towns may not regulate a field that the State has preempted," *id.*, and the Salisbury ordinance is therefore unenforceable in the courts of this State. *See Public Serv. Co. v. Town of Hampton,* 120 N.H. 68, 411 A.2d 164 (1980).

Because we have held that the ordinance is preempted by State law, there is no need for us to address the issue of federal preemption. *See Baker v. Baker,* 120 N.H. 645, 648, 421 A.2d 998, 1000 (1980).

No issue has been presented concerning the rights that an individual landowner may have in seeking to enjoin NEPCO's use of the defoliants or whether trespass or other tort actions are maintainable as a result of the manner in which the defoliants are used.

986

This opinion, therefore, should not be construed to prejudice such actions.

*Remanded for dissolution of the injunction.*

BATCHELDER, J., did not sit; the others concurred.