Hillsborough-southern judicial district
No. 94-170

PAUL COREY AND MAJESTIC MOTORS, INC.

v.

TOWN OF MERRIMACK

November 9, 1995

*Richard D. Gaudreau, Attorney at Law, P.C.*, of Salem (*Richard D. Gaudreau* on the brief and orally), for the plaintiffs.

*Bossie, Kelly, Hodes & Buckley, P.A.*, of Manchester (*Laurence E. Kelly* and *Jeffery A. Strelzin* on the brief, and *Mr. Strelzin* orally), for the defendant.

*H. Bernard Waugh, Jr.*, of Concord, by brief for the New Hampshire Municipal Association, as *amicus curiae*.

BATCHELDER, J. The defendant, the Town of Merrimack (town), appeals the decision of the Superior Court (*Dalianis*, J.) denying its motion to dismiss the State law takings claim of the plaintiffs, Paul Corey and Majestic Motors, Inc. The town challenges the trial court's ruling that RSA 236:90-:110 (1993) granted the State the exclusive right to license junkyards adjacent to certain highways and that the town's attempt to require a town license for the transfer of the plaintiffs' junkyard was preempted by these provisions. We vacate and remand.

In 1981, plaintiff Paul Corey and his wife purchased Majestic Motors, Inc., a junkyard and used car and truck sales business adjacent to Route 3 in Merrimack. On September 12, 1990, the

Coreys entered into a purchase and sale agreement to transfer the property for $415,000 to Matthew Bosowski, the owner of another Merrimack junkyard. A condition precedent to the sale was Bosowski's obtaining all necessary permits and licenses. The State granted Bosowski a license, contingent upon rebuilding a portion of the perimeter fence, but the town precluded his use of the property as a junkyard until he fulfilled several requirements, after which it would grant a conditional license. Bosowski never complied with the town's prerequisites, and the purchase and sale agreement expired on December 12, 1990. In 1992, the Coreys sold the junkyard to another individual for $300,000.

The plaintiffs sued the town, alleging, among other things, that the town's licensing restrictions amounted to an unconstitutional taking. In a motion *in limine*, they argued that the State had the exclusive right to license their junkyard and that the town's licensing restrictions were illegal. The town moved to dismiss. The trial court ruled that RSA 236:90-:110 preempted the town's ability to regulate the junkyard and denied the town's motion to dismiss with respect to this issue. The case was tried before a jury, and the trial court gave the following charge:

> In order for a plaintiff to be entitled to compensation, he must prove that an inverse condemnation occurred. To do this, the plaintiff must prove two elements by a preponderance of the evidence. First, he must show that the governmental restrictions on the property were unreasonable or unconstitutional. Second, he must show that he was substantially deprived of the economically viable use of the land. Here you don't have to be concerned with the first element. The Court has previously ruled that the town's restrictions were unconstitutional and that the town had no legal authority to place restrictions upon the use of the plaintiff[s'] salvage yard.

The jury awarded the plaintiffs damages of $115,000. This appeal followed.

The town argues that RSA 236:90-:110 did not preempt its ability to regulate the plaintiffs' junkyard. It maintains that "the legislature intended the State to share powers and authority concurrently with local government on the issue of the regulation of junk yards."

■ The legislature has designed a bifurcated junkyard licensing system. RSA 236:111-:129 (1993) governs the licensing of junkyards by local governing bodies. On the other hand, RSA 236:90-:110 provides for State licensing of junkyards "adjacent to the interstate,

federal aid primary, and turnpike systems." RSA 236:90. RSA 236:101 specifically states that the local licensing provisions of RSA 236:111-:129 do not apply to junkyards located adjacent to these highways.

The plaintiffs' junkyard is adjacent to Route 3, which the parties agree is part of the "interstate, federal aid primary, and turnpike systems." RSA 236:90. Consequently, the local licensing provisions of RSA 236:111-:129 do not apply. The town argues, however, that even if it was prohibited from imposing licensing requirements on the plaintiffs' junkyard under RSA 236:111-:129, it was not precluded from applying its zoning ordinance to regulate the property.

█ RSA 236:111-:129 is not the sole source of authority for local junkyard regulation. *See* RSA 674:16-:30 (1986 & Supp. 1994). Local zoning ordinances may apply where RSA 236:111-:129 does not. "Absent a clear manifestation of legislative intent to preempt [a] field, the municipality may enact an ordinance which neither conflicts with State legislation nor is itself unreasonable." *Lavallee v. Britt*, 118 N.H. 131, 134, 383 A.2d 709, 712 (1978).

"Where the State has enacted a comprehensive regulatory scheme, no local actions or ordinances will be permitted to contravene it." *Wasserman v. City of Lebanon*, 124 N.H. 538, 542-43, 474 A.2d 994, 998 (1984). The statutory scheme here is concerned with the location and "effective control" of junkyards near certain highways. RSA 236:90, :96. "Effective control" requires only that such junkyards be "screened by natural objects, plantings, fences, or other appropriate means so as not to be visible from the main traveled way." RSA 236:91, I. The statutory scheme set forth in RSA 236:90-:110 "is concerned with the eyesore," *State v. Bryant*, 127 N.H. 69, 72, 498 A.2d 322, 324 (1985), and does not purport to comprehensively regulate junkyards near certain highways, *cf. Stablex Corp. v. Town of Hooksett*, 122 N.H. 1091, 1101-02, 456 A.2d 94, 100 (1982) (holding local regulation of hazardous waste disposal facilities preempted by "comprehensive and detailed" State regulatory scheme).

█ "[A]rbitrary or unreasonable restrictions which substantially deprive the owner of the economically viable use of his [or her] land in order to benefit the public in some way constitute a taking within the meaning of our New Hampshire Constitution requiring the payment of just compensation." *Burrows v. City of Keene*, 121 N.H. 590, 598, 432 A.2d 15, 20 (1981) (quotation omitted). Here, the trial court erred by ruling that the town's licensing requirements were *per se* arbitrary and unreasonable because the town lacked authority to license the junkyard under the legislature's bifurcated

scheme, *see* RSA 236:111, and instructed the jury that it need not evaluate the reasonableness of the town's conduct. Accordingly, we vacate and remand for further proceedings consistent with this opinion.

*Vacated and remanded.*

BATCHELDER, J., retired, sat by special assignment under RSA 490:3; all concurred.