Rockingham
No. 80-332

## J. E. D. Associates, Inc.

v.

## Town of Sandown & a.

April 17, 1981

*Decker, Hemeon, Fitzgerald & Sessler P.A.,* of Laconia (*David R. Decker* on the brief and orally), for the plaintiff.

*Grinnell & Bureau,* of Derry (*Roland E. Morneau, Jr.,* on the brief and orally), for the defendants.

PER CURIAM. The issue in this appeal is whether the Sandown Planning Board acted unlawfully when it refused to permit the plaintiff to extend a subdivision road twenty-five feet to the Danville town line to connect with a future subdivision, on the ground that to allow the plaintiff to do so would result in increased traffic at an intersection with a State highway in Sandown, rendering the intersection hazardous. We hold that it did.

The plaintiff is the owner of 135 acres of land located in both Sandown and Danville. Part of the Sandown property is bordered on the west by Route 121A, a State highway running generally north and south. The plaintiff submitted a subdivision plan for the Sandown property to the Sandown Planning Board for approval. The plan shows a road called Cotton Farm Road running east from Route 121A to the Danville town line with three lots on each side. The planning board approved the plan but with Cotton Farm Road terminating in a cul-de-sac about twenty-five feet short of the town line. The board's reason for not allowing the road to run to the town line was that it considered the intersection of Cotton Farm Road with Route 121A to be hazardous for the volume of traffic which would be generated by the execution of the plaintiff's plans to build approximately 160 dwellings on the Danville part of its property and to use Cotton Farm Road to provide the Danville subdivision with direct access to Route 121A.

The plaintiff appealed to the superior court, where the matter was referred to a Master (*Charles T. Gallagher,* Esq.). After a hearing and a view, the master ruled that the board's action was not unreasonable and that the board had committed no error of law in denying the plaintiff an access road for its Danville property. *Mullavey,* J. entered a decree in accordance with the master's report, and the plaintiff appealed to this court.

The plaintiff argues that the New Hampshire Commissioner of Public Works and Highways has exclusive authority to regulate access to State highways and that, since he has issued a permit for the intersection of Cotton Farm Road and Route 121A pursuant to RSA 249:17, the planning board had no authority to disapprove

that portion of the plaintiff's plan extending Cotton Farm Road to the town line on the basis of safety considerations relating to this intersection. We agree.

The legislature has given the commissioner of public works and highways broad power to regulate driveways and other means of access to State highways and has made it unlawful for anyone to construct or alter any entrance onto a State highway without complying with the terms of a permit obtained from the commissioner. RSA 249:17 I. We conclude that, under RSA 249:17, the State has preempted the control of access to State highways, including Route 121A. Towns may not regulate a field that the State has preempted. *See State v. Driscoll*, 118 N.H. 222, 224, 385 A.2d 218, 220 (1978); *Lavallee v. Britt*, 118 N.H. 131, 134, 383 A.2d 709, 711–12 (1978); *State v. Hutchins*, 117 N.H. 924, 926, 380 A.2d 257, 258 (1977).

The commissioner has issued a permit to the plaintiff for the access in question, and there is no indication that the plaintiff has failed to comply with its terms in any respect, including the location of the access. The plaintiff has, therefore, satisfied all of the State's requirements. The defendants make much of the fact that the master found that, at the time the permit was issued, the State was unaware that the plaintiff intended to service its Danville property by Cotton Farm Road and that no permit would have been granted at that location if it had been so aware. This, however, is a matter between the plaintiff and the State. If the State considers the intersection unsafe, it can modify Route 121A or utilize warning devices or traffic signals to remedy the situation. The Sandown Planning Board, however, has no authority to deny the plaintiff permission to extend Cotton Farm Road to the Danville line because of safety considerations relating to a State highway. We therefore hold that the board acted unlawfully when it attempted to do so.

RSA 36:21 (Supp. 1979) does not compel a different conclusion. That statute simply allows planning boards to regulate the "arrangement and co-ordination of streets within subdivisions in relation to other existing or planned streets. . . ." It does not give municipalities control over access to State highways.

The parties refer to RSA 249:17 III(b), which provides that "[u]nless all season safe sight distance of 400 feet in both directions along the highway can be obtained, the commissioner shall not permit more than one access to a single parcel of land, and this access shall be at that location the commissioner determines to be

safest." We note that the four-hundred-foot sight distance requirement applies when more than one access is involved. The plaintiff, however, has only one access to Route 121A. Thus, this provision of the statute has no bearing on the case before us.

■ The town relies also on section 3 K of its subdivision regulations, which provides that "[l]and of such character that it cannot be safely used for building purposes because of exceptional danger to health or peril from fire, flood or other menace shall not be planned for human occupancy, nor for such other uses as may increase danger to health, life or property. . . ." Such reliance is misplaced. The board cannot by regulation give itself power over those State highways which are in the exclusive control of the State. For this reason we need not consider the town's other arguments which are based on its subdivision regulations.

Because the Sandown Planning Board exceeded its authority and committed an error of law, its decision must be set aside and the plaintiff permitted to extend Cotton Farm Road to the Danville town line.

*Reversed.*

Bois, J., dissents.