Merrimack
No. 80-164

## PEARL DURANT

v.

## TOWN OF DUNBARTON & a.

May 7, 1981

*Eaton, Solms & Mills*, of Manchester (*Douglas A. McIninch* on the brief and orally), for the plaintiff.

*Laflamme, Champagne & Moquin*, of Manchester (*Robert L. Hermann, Jr.*, on the brief and orally), for the defendants.

DOUGLAS, J. The plaintiff, Pearl Durant, appeals from the Dunbarton Planning Board's denial of her subdivision plan. The Superior Court (*Cann*, J.) affirmed the denial. We find no error.

In April 1977, the plaintiff requested that the defendant planning board approve her subdivision plan for a tract of land in Dunbarton. The proposed plan divided the tract into eight lots, each of which fronted on Jewett Road, a State highway. The New Hampshire Water Supply and Pollution Control Commission approved the plan, and the plaintiff submitted the certificate of approval to the planning board with her request. After a hearing and several views, the board refused to approve the subdivision plan for three reasons: (1) potential disruption of natural water courses; (2) potential sight distance problems from the driveways exiting onto a State highway; and (3) potential problems with subsurface septic systems due to an extremely high water table in the area.

The essence of the plaintiff's first argument on appeal is that the planning board did not have authority under its subdivision regulations to deny the plan for the reasons given. If any of the board's reasons for denial support its decision, then the plaintiff's appeal must fail. *Blakeman v. Planning Commission*, 152 Conn. 303, 306, 206 A.2d 425, 427 (1965).

A municipality's power to regulate subdivisions is delegated to it by the State. *Dearborn v. Town of Milford*, 120 N.H. 82, 84–85, 411 A.2d 1132, 1133–34 (1980); *see City of Portsmouth v. John T. Clark & Son, Inc.*, 117 N.H. 797, 798, 378 A.2d 1383, 1384 (1977). Accordingly, a municipality must exercise that power in conformance with the enabling legislation. *Chiplin Enterprises, Inc. v. City of Lebanon*, 120 N.H. 124, 126, 411 A.2d 1130, 1131 (1980); *Town of Seabrook v. Tra-Sea Corp.*, 119 N.H. 937, 941, 410 A.2d 240, 243 (1979).

RSA 36:19 authorizes municipalities to grant to their planning boards discretionary authority to approve or disapprove

subdivision plans. Before a board may exercise that authority, however, it must adopt subdivision regulations. RSA 36:21 (Supp. 1979). The scope of those regulations may be quite broad and "generally may include provisions which will tend to create conditions favorable to health, safety, convenience, or prosperity." RSA 36:21 (Supp. 1979). In 1965, pursuant to the provisions of RSA 36:19 to :29 then in effect, the Dunbarton Planning Board adopted the subdivision regulations under which it denied approval of the plaintiff's plan. The specific regulations on which the board based its denial read in part as follows:

"V.  B.  Land of such character that it cannot be *safely* used for building purposes because of exceptional *danger to health* or peril from fire, flood *or other menace* shall not be platted for residential occupancy, nor for such other uses as may increase danger to health, life or property or aggravate the flood hazard, until appropriate measures have been taken by the subdivider to eliminate such hazards. . . .

Q.  It shall be the responsibility of the subdivider to provide adequate information to prove that the area of each lot is *adequate* to permit the installation and operation of an individual sewage disposal system (septic tank and drain field not a cesspool). . . .

R.  It shall be the responsibility of the subdivider to provide adequate information to prove that the area of each lot is adequate to permit the installation and operation of both individual on-lot water and sewerage systems. . . ."

(Emphasis added.) The statutory delegation under RSA 36:21 (Supp. 1979) is quite broad, and the regulation of septic tanks and sewerage systems falls within the purview of the statute. *Cf. Carey v. Town of Westmoreland*, 120 N.H. 374, 376, 415 A.2d 333, 334 (1980).

The plaintiff argues that the regulations are impermissibly vague because they do not contain standards for the evaluation of on-site septic systems. We have previously held that broad regulations are not necessarily vague even if they do not "precisely apprise one of the standards by which an administrative board will make its decision." *Town of Freedom v. Gillespie,* 120 N.H. 576, 580, 419 A.2d 1090, 1092 (1980); *see Carbonneau v. Town of*

*Rye*, 120 N.H. 96, 98, 411 A.2d 1110, 1112 (1980). In this case, the regulations, when read as a whole, inform a subdivider that his plan must provide adequate information to enable the board to conclude that future development of the land will not pose an exceptional danger to health. We find that this language provides sufficient notice to developers of what is expected of them. *See id.*, 411 A.2d at 1112, and cases cited therein; 8 E. MCQUILLIN, THE LAW OF MUNICIPAL CORPORATIONS § 25.62 (3d rev. ed. 1976).

■ The plaintiff raises a similar argument with respect to the board's disapproval of the plan based on potential disruption of water courses. Although the regulations are less specific with regard to such criteria, we also find them to be adequate. Regulation V. B. is patterned after the enabling statute and is very general. Its obvious purpose is to give the board maximum flexibility to deal with aspects of development that could adversely affect public health and safety. *See generally*, D. HAGMAN, URBAN PLANNING AND LAND DEVELOPMENT CONTROL LAW § 138, at 255 (1971). Enactment of such a regulation is a permissible exercise of its authority. *Garipay v. Town of Hanover*, 116 N.H. 34, 36, 351 A.2d 64, 65 (1976).

■■ Under its subdivision regulations a planning board may consider any characteristics of the land that relate to "the current and future fitness of the land for building purposes." *Patenaude v. Town of Meredith*, 118 N.H. 616, 621, 392 A.2d 582, 585 (1978); *see Town of Seabrook v. Tra-Sea Corp.*, 119 N.H. at 941, 410 A.2d at 243. Water courses over land clearly affect the desirability and suitability of construction on a particular piece of property, and consideration of such factors is within the ambit of the board's delegated authority.

The plaintiff also questions the authority of the planning board to evaluate a subdivision plan for sight distance problems with driveways that exit onto a State highway. We need not discuss that issue because the other two reasons given by the board for denial of the plaintiff's plan support the action. *But see J. E. D. Assoc., Inc. v. Town of Sandown*, 121 N.H. 317, 430 A.2d 129 (1981).

■■ We next consider the plaintiff's argument that the board's findings of "potential" problems with water courses and waste disposal systems are inadequate in view of the fact that the regulations require a finding of *"exceptional* danger to health or peril from fire, flood, or other menace." TOWN OF DUNBARTON, LAND SUBDIVISION CONTROL REGULATIONS § V. B. (1965). (Emphasis added.) Subdivision regulations are a tool for "promoting the

orderly and planned growth of a municipality." *In re Estate of Sayewich*, 120 N.H. 237, 240, 413 A.2d 581, 583 (1980); *see* 4 A. RATHKOPF, THE LAW OF ZONING AND PLANNING, ch. 71, § 2, at 71-11 (4th ed. 1980). In evaluating a subdivision plan a board "must consider current as well as anticipated realities." *Patenaude v. Town of Meredith*, 118 N.H. at 621, 392 A.2d at 585. A board may, therefore, deny approval of a plan based on "potential" conflicts with its regulations. Although in this case the board did not state that those potential dangers were exceptional, the record indicates that it found them to be so. We agree with the master's conclusion that there is evidence of danger to health "of a degree meeting the required standard, regardless of the adjective used."

The plaintiff argues that the record does not support the board's findings. The applicable standard of review by the superior court is set out in RSA 36:34 V (Supp. 1979). A decision of the board may not be set aside by the superior court unless there is an error of law or unless "the court is persuaded by the balance of probabilities, on the evidence before it, that said decision is unreasonable." RSA 36:34 V (Supp. 1979). The superior court applied the correct standard of review, found no error of law and concluded that the plaintiff had not established by a balance of probabilities that the board's decision was unreasonable. The standard of review for this court is not whether we would find as the trial court did but whether the evidence reasonably supports the finding. *See Win-Tasch Corp. v. Town of Merrimack*, 120 N.H. 6, 9, 411 A.2d 144, 146 (1980). The record reveals that the board took several views of the lot in question. They walked the land and twice examined the depth of water in test pits. They evaluated the topography of the land and subsurface conditions to determine whether the land would be suited for development of the proposed density. All of these considerations are permissible and desirable in subdivision review. J. ROSE, LEGAL FOUNDATIONS OF LAND USE PLANNING 323 (1979). From its observations, the board concluded that the high water table in the area created the potential for groundwater contamination and flooding. The plaintiff makes much of the fact that the New Hampshire Water Supply and Pollution Control Commission approved the plan. However, the planning board is entitled to rely in part on its own judgment and experience in acting upon applications for subdivision approval. *See Forest Construction Co. v. Planning & Zoning Commission*, 155 Conn. 669, 675, 236 A.2d 917, 921 (1967).

After a review of the record, we find no error of law and conclude that the record supports the trial court's decision that the

plaintiff had not established by a balance of probabilities that the board's action was unreasonable.

*Affirmed.*

BROCK, J., did not sit; the others concurred.