Merrimack
No. 83-513

DIVERSIFIED PROPERTIES, INC.

v.

TOWN OF HOPKINTON PLANNING BOARD

August 10, 1984

*McSwiney, Jones & Semple*, of Concord (*Paul C. Semple* and *Elaine L. Clark* on the brief, and *Mr. Semple* orally), for the plaintiff.

*Upton, Sanders & Smith*, of Concord (*Russell F. Hilliard* on the brief, and *Gary B. Richardson* orally), for the defendant.

BROCK, J.   In February 1983, the plaintiff, Diversified Properties, Inc., applied to the Town of Hopkinton Planning Board for approval of a twenty-lot subdivision to be located on a 65.66-acre tract in Hopkinton. The tract has a point of access on Hopkinton Road which, at that point, is also State Routes 202, 9 and 103. The planning board denied the plaintiff's application on the ground that "the proposed access is an unsafe situation."

The plaintiff petitioned the superior court for review of the board's decision. In November 1983, the Superior Court (*Goode*, J.) approved a Master's (*R. Peter Shapiro*, Esq.) recommendation to grant the plaintiff's motion for summary judgment and to reverse the board's decision on the basis of a previous decision of this court, *J.E.D. Associates, Inc. v. Town of Sandown*, 121 N.H. 317, 430 A.2d 129 (1981). The board then brought this appeal.

There is no genuine issue of material fact. *See* RSA 491:8-a, III. For purposes of this appeal, the plaintiff concedes that the access is

unsafe. We are asked to determine whether *Sandown* forecloses the board's consideration of the safety of this particular access, and, if it does, to re-examine our holding in *Sandown*. We distinguish *Sandown*, and reverse and remand.

*Sandown* involved a plaintiff-developer who owned 135 acres of land located in both Sandown and Danville. *J.E.D. Associates, Inc. v. Town of Sandown*, 121 N.H. at 318, 430 A.2d at 129. That developer submitted a subdivision plan to the Sandown Planning Board for approval. *Id.* The plan called for a road running east from Route 121A, a State highway, through the proposed subdivision to the Danville town line. *Id.* The board approved the subdivision plan but altered the developer's proposed road so that it terminated in a cul-de-sac about twenty-five feet short of the Danville town line. *Id.*

In *Sandown*, we concluded that, under RSA 249:17 (now RSA 236:13), the State has preempted the control of access to State highways. *Id.* at 319, 430 A.2d at 130. The court held that the Sandown Planning Board had no authority to deny, and therefore acted unlawfully when it attempted to deny, the plaintiff-developer permission to extend the subdivision road from Route 121A to the Danville town line on the ground that increased traffic resulting from the proposed development of the Danville property would render the intersection with Route 121A in Sandown hazardous. *Id.* at 318–19, 430 A.2d at 129–30.

■ We reaffirm our holding that it is the State which has the power to regulate access to State highways. *See id.* at 319, 430 A.2d at 130. We also state, however, that a town may legitimately consider the impact that increased traffic may have upon the safety of an existing or proposed access in determining whether or not to grant approval of a subdivision plan. *See* RSA 674:35, :36 (Supp. 1983); *see also* RSA 236:13, V. Implicit in the Sandown Planning Board's approval of the subdivision plan was its conclusion that the particular access was safe for at least that portion of the subdivision which lay within the borders of Sandown and within the jurisdiction of the Sandown Planning Board.

In the *Sandown* case, the planning board exceeded its authority and unlawfully impinged upon the State's authority to regulate access to State highways when it sought to control the access to Route 121A from the Danville portion of the plaintiff-developer's property. The Sandown Planning Board's action in terminating the proposed subdivision road in the cul-de-sac had the effect of denying the plaintiff access to Route 121A for its Danville property. *See J.E.D. Associates, Inc. v. Town of Sandown*, 121 N.H. at 318, 430 A.2d at 130.

In contrast, the Hopkinton Planning Board is not, in the case at bar, denying the plaintiff access to a State highway for its property and is not thereby impinging upon the State's authority to regulate access to State highways. The facts, as presented by the record, indicate nothing more than a review of the proper considerations involved in the determination of subdivision approval or denial. The action of the Hopkinton Planning Board was not an unlawful attempt by a town to regulate access to a State highway, as was the case in *Sandown*. The reasonableness of the decision denying the subdivision application is not an issue before us. We merely conclude that the master erred in finding the present case controlled by our decision in *Sandown*. We reverse the superior court's granting of the plaintiff's motion for summary judgment and remand.

*Reversed and remanded.*

DOUGLAS, J., did not sit; the others concurred.