MORRILL & a. v. BOSTON & MAINE RAILROAD & a.

Upon a bill in equity for an injunction, authorized by Laws of 1867, *c.* 8, to restrain directors of railroads from "pooling" certain earnings of the roads, it is not necessary to prove the election of the directors by the corporate records. The testimony of one of the defendants, in a deposition, that he is an acting director, is competent evidence.

Notice to a defendant to produce an original paper is not required where the nature of the action is such as to give him notice that he is charged with the possession of the paper, and that secondary evidence will be offered if he does not produce it.

The reasonableness of a notice to produce a paper at a trial is a matter of fact to be determined at the trial term.

BILL IN EQUITY (reported in 55 N. H. 531), against the Boston & Maine Railroad, the Eastern Railroad, and their directors, for an injunction to prevent the directors carrying out a contract, alleged to have been made by them for "pooling" certain earnings of the roads, in violation of the statute of railroad monopolies (Laws of 1867, *c.* 8). At the trial in the circuit court, questions were raised concerning the competency of evidence.

The plaintiffs offered to prove by the deposition of Stevens, one of the defendants, that he was a director of the Boston & Maine Railroad.

The written contract set up in the bill being called for by the plaintiffs and not produced by the defendants, the plaintiffs offered to prove its existence and terms by evidence of oral declarations made by the directors during the continuance of the contract.

The plaintiffs, on Saturday, gave the defendants notice to produce, on the next Monday, a certain written report in the defendants' possession; and it not being produced on Monday, the plaintiffs offered secondary evidence of its contents.

*Towle, Leavitt,* and *Frink*, for the plaintiffs.

*Hatch*, for the defendants.

ALLEN, J. The plaintiffs seek for an injunction to prevent a practical consolidation (total or partial) of "rival and competing lines" of

railroad, as provided by the statute against railroad directors, officers, or agents. Who are the directors *de jure*, is not a question in this case. The validity of their official title is not called in question by the plaintiffs ;—it is their actual, illegal exercise of official power that is complained of, and whether they are directors by election or usurpation is immaterial. The records of the corporations may be the best evidence of the election of their directors *de jure*. But directors *de facto*, actually managing the business of these roads contrary to the statute, are the persons against whom the plaintiffs are entitled to a decree. The testimony of Stevens, that he was a director, was competent evidence against all the defendants. For the purposes of this case, his testimony that he was an acting director was at least as good as record evidence of a legal election. 1 Bish. Cr. L., *s*. 917. The question is not whether he was an elected director, but whether he was an acting director, liable to be restrained from a certain illegal management of the Boston & Maine Railroad.

The matter complained of in the bill, and the gist of the plaintiffs' case, is the contract of the defendants and their performance of it. From the nature of the case, the defendants must know that they are charged with possession of the written instrument. The bill itself, served on them, was notice to produce the contract at the trial ; and when they did not produce it, secondary evidence of its existence and contents was admissible. 1 Greenl. Ev., *s*. 561 ; Stark. Ev. (8th Am. ed.) 561, 564, n. 1 ; *Nealley* v. *Greenough*, 25 N. H. 325.

The directors of a corporation are its agents, and are not the corporation—*Gillis* v. *Bailey*, 21 N. H. 149, 162 ; and the business of a railroad corporation is managed by its directors, subject to its by-laws and votes, and, under their direction, by such officers and agents as are duly appointed by the directors or by the corporation. Gen. St., *c*. 134, *s*. 3. Under this statute, the directors must be presumed, until the contrary appears, to be the general agents of the corporation. *U. M. F. I. Co.* v. *Keyser*, 32 N. H. 313, 315 ; Story on Agency, *s*. 17. *Prima facie*, their lawful action is the action of the corporation. In this case, an injunction against their unlawful action is sought. The corporations are made parties, not because the statute expressly authorizes an injunction against them (for it does not), but because, being interested, they are entitled, in equity, to be heard.

Statements made by the directors, of the existence and terms of the illegal contract which under their constant management of the corporate business they were continually executing, were competent secondary evidence of that contract, as admissions of general agents made in the execution of their agency. They were also competent as admissions of the parties against whom a decree is asked.

The reasonableness of the notice to produce the report was a matter of fact to be determined at the trial.

*Case discharged.*