## RICHARDSON & a. v. THE UNION CONGREGATIONAL SOCIETY OF FRANCESTOWN.

A by-law of a religious society, requiring a two-thirds vote of the members
present to alter or amend its laws, is inoperative, and may be modified or
repealed by a majority vote at any regular meeting of the society.
Equity will not enjoin a religious society against using a by-law which
requires a vote of two thirds of the members present and voting to admit
new members, even though such by-law was adopted for the purpose of
preventing certain persons from joining the society.

IN EQUITY. The defendants are a religious society, organized un-
der Act of 1819, *s.* 3. The plaintiffs, only a part of whom are mem-
bers of the society, desire that the other part may become members,
and pray that the defendants be enjoined against using a by-law which
requires a two-thirds vote to admit new members. By article thirteen
of the by-laws, any person could become a member by signing his
name in the books of the society. At the annual meeting of the

society, March 21, 1876, under an article in the warrant for that purpose, a vote was passed amending by-law thirteen, so that a two-thirds vote of those present and voting should be necessary for the admission of new members. Eighteen voted for, and two against, the amendment. By-law twelve provides that "the laws of the society may be altered or amended at any annual meeting, by a vote of two thirds of the members present." It did not appear from the records how many members were present when by-law thirteen was amended, or that two thirds of those present voted for the amendment. Evidence that the amendment was passed by less than a two-thirds vote of those present was excluded, and the plaintiffs excepted. Some of the plaintiffs were present before the opening of the meeting, and desired to become members by signing the book kept for that purpose; but the book could not be found, and they were, in consequence, prevented from becoming members.

The plaintiffs are members of a church formerly uniting with the defendants in the support of religious worship in a meeting-house owned and controlled by the defendants, and in which the plaintiffs are pew-owners. It is alleged in the bill, that the defendant society seeks to subvert the doctrines of the church by inculcating different and hostile doctrines, and, for the purpose of keeping control of the society, and by means of the fraudulent conduct of certain members in concealing the books, prevented the plaintiffs from joining the society. The defendants excepted to a decree granting the relief sought.

*Briggs & Huse* and *Morrison & Clark*, for the plaintiffs.

*Rand* and *Albin*, for the defendants.

ALLEN, J. Complaint is made that the amendment of by-law thirteen, requiring a two-thirds vote for the admission of new members, was not properly and legally enacted, because its passage was not obtained by a vote of two thirds of those present, according to by-law twelve requiring a vote of two thirds of the members present to alter or amend the by-laws of the society. No objection appears to have been made at the meeting to the mode of taking the vote on the new by-law, or to the declaration and publication of its passage. A common mode of voting in public and corporate assemblies is *viva voce,* or by a show of hands; and when, in answer to a call by the presiding officer for votes for and against a question stated, no response is made, the vote is declared in the affirmative unless objection is made at the time. Cush. Parl. Law 383, 1793. If silence of the whole assembly is equivalent to a unanimous vote in the affirmative, silence of a part of the members not voting cannot be counted against the express voice of another part voting. If those present having the right and opportunity to vote refused to exercise it, and witnessed, without objection,

the passage of a by-law by the usual mode of voting, counting, and declaring, the objection of an insufficient or invalid vote, by reason of not counting non-voters present, could not afterwards be made. Refusing to vote, and neglecting to make known their presence and its power to defeat the by-law, they virtually sanctioned the acts of those who voted, and waived all objection to their validity. *Wardens of Christ Church* v. *Pope*, 8 Gray 140, 143. The objection is not one of a miscount of votes, or of a false declaration and record, but of an omission to recognize those who refused to be recognized.

But the question of the adoption of the amendment by a two-thirds vote of the members present is immaterial. By-law twelve was no part of the charter or constitution of the society, and not a law for the guidance of its officers and agents. It was an enactment made by one meeting of the society to govern the proceedings of future meetings, and was inoperative beyond the pleasure of the society acting by a majority vote at any regular meeting. The power of the society, derived from its charter and the laws under which it was organized, to enact by-laws, is continuous, residing in all regular meetings of the society so long as it exists. Any meeting could, by a majority vote, modify or repeal the law of a previous meeting, and no meeting could bind a subsequent one by irrepealable acts or rules of procedure. The power to enact is a power to repeal; and a by-law, requiring a two-thirds vote of members present to alter or amend the laws of the society, may itself be altered, amended, or repealed by the same power which enacted it. Angell & Ames on Corp. 459; *Com.* v. *Mayor of Lancaster*, 5 Watts 152, 155; *Wardens of Christ Church* v. *Pope*, 8 Gray 140, 142. The society, by a majority vote, might repeal or amend by-law twelve. By a like vote, they might adopt any mode for the admission of members. The evidence relating to the validity of the new by-law was immaterial, and the exception to its exclusion is overruled.

The action of the society, in refusing to admit some of the plaintiffs to membership, cannot be controlled or restrained by an injunction of the court. The right of admission to membership is voluntary and mutual between the society and individuals desiring to become members. No one can be compelled to join the society or remain a member in it against his wish, nor can the society be compelled to admit any one against its will, fairly expressed at a regular meeting by a majority vote. This principle is inherent in every voluntary association. *First Parish in Sudbury* v. *Stearns*, 21 Pick. 148; *Leavitt* v. *Truair*, 13 Pick. 111; *Taylor* v. *Edson*, 4 Cush. 522. The plaintiffs who are not members of the society have no interest which gives them a right to interfere, and those who are members cannot claim the right, against the expressed will of the majority, to interfere in favor of the others. Complaint is not made that any property rights, personal privileges, or corporate franchises are endangered. No trust is violated or charitable fund diverted. The fraud of concealing the books is not alleged to be the fraud of the defendants; and the refusal to

admit new members, except by a two-thirds vote, was a lawful exercise of a society right. No injustice has been done which the equity powers of the court can remedy, and the grounds of complaint are of a character so intangible as to elude the grasp of judicial cognizance.

*Bill dismissed.*

STANLEY, J., did not sit.