Hillsborough
No. 79-431

CONSTANCE F. SAUCIER

v.

NORMAN R. SAUCIER

May 7, 1981

*Joseph C. Krolikowski*, of Nashua, by brief for the plaintiff.

*Gall, Shapiro & Groff*, of Nashua (*William J. Groff* on the brief), by brief for the defendant.

PER CURIAM. This is a marital case in which the plaintiff, Constance Saucier, filed a contempt petition against the defendant, Norman Saucier, in the Hillsborough County Superior Court to enforce the child support provisions in the parties' divorce decree. After a hearing, the Master (*Henry P. Sullivan*, Esq.) found that the defendant was $3,340 in arrears in his child support obligations and recommended that he be found in contempt and ordered to make certain payments on the arrearage. The Superior Court (*King*, J.) approved the master's recommendation, and the defendant then filed a notice of appeal in this court.

The parties, who were divorced in 1975, were awarded joint custody of their two minor children. Child support, however, was to be paid by the defendant to the plaintiff in the amount of $20 per week for each child actually residing with the plaintiff.

In 1979, the plaintiff brought this petition alleging that the defendant was $4,640 behind in his child support payments. In response, the defendant claimed that he had made direct payments to the children and that he was not obligated to make a substantial number of the weekly payments alleged to be in arrears because the children were not residing with the plaintiff during certain periods. A hearing was held, but not transcribed, at which the parties testified as to what times the children were actually residing with the plaintiff. After considering this evidence, the trial court issued the following order:

> "Defendant found to be in contempt. The arrearage is determined to be Three Thousand Three Hundred Forty Dollars ($3,340.00). The defendant is ordered to pay to the plaintiff the sum of Two Hundred Fifty Dollars ($250.00) on or before June 1, 1979. As of May 1, 1979 the defendant shall pay the sum of Thirty-Five Dollars ($35.00) weekly on the arrearage, said payments shall be made through the New Hampshire Probation Department."

The defendant raises four issues on this appeal. First, he alleges that the trial court abused its discretion in not ruling that under the divorce decree support payments were to cease at the time each child reached the age of eighteen. On the record before us, we do not understand the relevance of this claim. The trial court's order makes no reference to the continuance of support payments after a child reaches age eighteen.

The defendant also argues that the trial court abused its discretion in finding that the parties' daughter was living with the plaintiff from September 1, 1976, to November 17, 1976, and in not crediting him with the purchase price of two automobiles which he gave directly to the children.

■ Because there are no requests for findings or transcript of the hearing before us, we must assume that the trial court, on the evidence presented to it, made the necessary findings to support its order. *Adams v. Adams*, 117 N.H. 43, 44, 369 A.2d 196, 197 (1977); *see Lortie v. Bois*, 119 N.H. 72, 75, 398 A.2d 540, 542 (1979). *See also McCrady v. Mahon*, 119 N.H. 247, 249, 400 A.2d 1173, 1174 (1979).

■ The defendant's last argument is that the trial court has no jurisdiction, once a child attains the age of majority, to enforce an earlier order to pay child support arrearages that accrued during the child's minority. While there is divided authority elsewhere on this issue, *see* Annot., 32 A.L.R.3d 888, 889–91 (1970), we choose to follow the rule that the trial court retains the authority to enforce its child support orders regardless of the child's present age. To hold otherwise would be to diminish unnecessarily the court's authority and to render many of its lawful orders an empty act. *See also McCrady v. Mahon*, 117 N.H. 762, 763, 378 A.2d 1143, 1144 (1977). We will not strip the superior court of its inherent power to enforce its orders through contempt proceedings.

*Affirmed.*

KING, J., did not participate.