Nashua District Court
Nos. 80-256
    80-365

## NASHUA HOUSING AUTHORITY

v.

## JACQUELINE TASSIE

June 10, 1981

*Gall, Shapiro & Groff*, of Nashua (*Joseph F. Gall, Sr.*, on the brief and orally), for the plaintiff.

*Holland & Aivalikles*, of Nashua (*William E. Aivalikles* on the brief and orally), for the defendant.

PER CURIAM. In this appeal from the Nashua District Court's grant of a writ of possession to the plaintiff landlord, we must decide whether the court had authority to issue the writ subject to the right of the defendant tenant to defeat the writ by paying all arrearages. We hold that the district court had no such authority and remand the case to the district court with instructions that the unconditional writ of possession issue forthwith.

On February 19, 1980, the plaintiff served the defendant with a written notice to quit for nonpayment of rent, and on March 21, 1980, the plaintiff served the defendant with a writ of eviction. The District Court (*Pantelas*, J.) held a hearing on the writ of eviction on April 8, 1980. The court found for the plaintiff and decreed that a writ of possession issue forthwith if the defendant failed to pay in full all arrearages and rent to become due as of May 15, 1980, by that date and according to a specified schedule. The court denied the plaintiff's motion for a rehearing and the defendant's motion to dismiss. The plaintiff appealed, and the defendant cross-appealed. The cases were then consolidated by this court.

The plaintiff argues that the district court lacked authority to issue a conditional writ of possession after rendering judgment for the plaintiff on the arrearages. We agree.

In an action for possession by a landlord against a tenant, a writ of possession in favor of the landlord shall issue, and he shall recover possession of the premises, if it appears that the plaintiff has sustained his complaint. RSA 540:14 I (Supp. 1979). In cases where the landlord's complaint arises from matters other than the non-payment of rent, the district court may order that the tenant shall not be dispossessed until a date not later than three months from judgment. RSA 540:13-c. This statute expressly excludes a discretionary stay where the landlord establishes nonpayment of rent. *Id.*

The defendant could have prevented forfeiture of her leasehold interest in the premises had she paid or tendered the arrearages, $5.00 damages, and costs to the plaintiff between the time she received the notice to quit and the expiration of the notice. RSA 540:9. The defendant failed to do so.

■ The defendant argues that the plaintiff failed to serve upon her an adequate demand for rent and that, therefore, the district court erred in granting even a conditional writ of possession. The record before us does not indicate whether the plaintiff served such a demand. The district court's judgment, however, impliedly indicates that it rejected the defendant's claim that the plaintiff failed to comply with the procedures set forth in RSA ch. 540. *Fortier v. Barrett*, 121 N.H 35, 36, 424 A.2d 1145, 1146 (1981). In the absence of a transcript of the proceedings, we must assume that the evidence supported the trial court's findings and rulings. *See Saucier v. Saucier*, 121 N.H. 330, 332, 430 A.2d 131, 132 (1981); *Beaudoin v. Beaudoin*, 118 N.H. 325, 328, 386 A.2d 1261, 1263 (1978).

*Reversed and remanded.*