Grafton
No. 81-153

GARY MCCOOL & a.

v.

NEW HAMPSHIRE ELECTRIC COOPERATIVE, INC.

February 17, 1982

114

*Gary McCool*, of Rumney, by brief and orally, for the plaintiffs, pro se.

*Hall, Morse, Gallagher & Anderson*, of Concord (*Thomas W. Morse* on the brief and orally), for the defendant.

PER CURIAM. This is an appeal from the denial by the Superior Court (*Johnson*, J.) of a petition by the plaintiffs, a group of members of the defendant New Hampshire Electric Cooperative, Inc. (hereinafter NHEC), seeking "injunctive process to compel the

board of directors [of NHEC] to include in its notice of the 1981 Annual Meeting of the members a proposed amendment to the bylaws."

The defendant filed a motion to dismiss on the grounds (1) that the plaintiffs' petition failed to state a cause of action on the basis of which equitable relief might be granted, and (2) that the plaintiffs had an adequate remedy at law.

The trial court granted the defendant's motion to dismiss. The plaintiffs then appealed to this court. While their appeal was pending, they filed a motion for clarification with the superior court, and we remanded the case to the superior court for the purpose of ruling on the motion for clarification.

The Trial Court (*Johnson,* J.) then found that "after a review of the statutes, case law and court rules . . . the Grafton County Superior Court, for reasons both of procedural and substantive law, should not grant the relief requested by the plaintiffs." It further found that the motion to dismiss was properly granted on the grounds stated therein.

In this case, the bylaws of the Cooperative provide that amendments to its bylaws may be made by the affirmative vote of two-thirds of all the members present or represented by proxy at any regular or special meeting, provided the notice of such meeting shall have contained a copy of the proposed amendment. The main issue on this appeal is the following: May the board of directors impose a rule requiring that a member must submit a bylaw change proposal, opposed by management, to the membership before notice of such proposed change is included in the notice of the meeting where it could be acted on?

The clauses of the code of bylaws of NHEC principally relied on by the parties are the following:

"Article II *Section 1. Annual Meeting.* The annual meeting of the members shall be held on the first Tuesday of June of each year at such time and place as shall be designated by the board of directors for the purpose of electing directors, passing upon reports covering the previous fiscal year and transacting such other business as may come before the meeting. . . .

. . . .

*Section 3. Notice of Members' Meetings.* Written or printed notice stating the place, day and hour of the meeting and the purpose or purposes for which the meeting is called, shall be delivered not less than ten (10)

days nor more than thirty (30) days before the date of the meeting, either personally or by mail, by or at the direction of the Secretary, or by the persons calling the meeting, to each member . . . .

. . . .

Article III *Section 1. General Powers.* The business and affairs of the Cooperative shall be managed by a board of not less than nine (9) nor more than fifteen (15) directors chosen by and from the membership . . . which shall exercise all the powers of the Cooperative except such as are by law, the articles of incorporation or these bylaws conferred upon or reserved to the members.

. . . .

*Section 6. Rules and Regulations.* The board of directors shall have power to make and adopt *such rules and regulations, not inconsistent with the law, the certificate of organization of the Cooperative or this code of bylaws, as it may deem advisable* for the management, administration and regulation of the business and affairs of the Cooperative.

. . . .

Article XIV *Amendments. Subject to applicable provisions of law, this code of bylaws may be altered, amended or repealed by the affirmative vote of two-thirds of all the members of the Cooperative present or represented by proxy at any regular or special meeting, provided the notice of such meeting shall have contained a copy of the proposed alteration, amendment or repeal."*

(Emphasis added.)

█ It is fundamental that the corporate structure must be established and its affairs managed in conformity with the provisions of this State's statutes pertaining to corporations. *Accord, Loew's Theatres, Inc. v. Commercial Credit Company,* 243 A.2d 78, 81 (Del. Ch. 1968); *Penn-Texas Corporation v. Niles-Bement-Pond Co.,* 34 N.J. Super. 373, 378, 112 A.2d 302, 305 (Ch. Div. 1955); *see* 18 C.J.S. *Corporations* § 186, at 596.

█ Although a recently enacted statute now permits a board of directors to alter, amend, or repeal the bylaws of a corporation

when the shareholders do not specifically reserve these rights, *see* Laws 1981, 557:1, codified at RSA 293-A:27 (eff. Feb. 1, 1982), this legislation did not exist at the time of this controversy and therefore is not controlling in the instant case. The principal statutes which governed the actions of the defendant NHEC at the time of the litigation were RSA ch. 294, *repealed by* Laws 1981, 557:2 (current version at RSA ch. 293-A), and RSA ch. 301, RSA 294:4, *repealed by* Laws 1981, 557:2 (current version at RSA 293-A:4 XII) granted to a corporation the power "[t]o make bylaws not inconsistent with the laws of this state for the . . . administration of its affairs and the conduct of its business . . . and the manner by which the bylaws may be altered, amended or repealed." The provision permitting corporations to adopt bylaws not repugnant to the laws of the State affirmed the general rule of the common law. *Jones v. Railroad*, 67 N.H. 119, 141, 38 A. 120, 126 (1891).

RSA 301:10 provides that "[e]ach association [for rural electrification] shall, within 30 days after its organization, adopt for its government and management, a code of bylaws, not inconsistent with the powers granted hereby." RSA ch. 301 also establishes detailed provisions regarding the subject matter of these bylaws. *See* RSA 301:11, :12, :16, :17, :18, :21, :24.

Under common law and the pertinent statutes of this State existing at the time of the instant litigation, the power to adopt and amend bylaws therefore resided in the constituent body, either members or stockholders of the corporation, unless the corporate charter or a statute provided otherwise. 18 AM. JUR. 2d *Corporations* § 163, at 696; 18 C.J.S. *Corporations* § 188, at 600; 8 FLETCHER, CYCLOPEDIA OF CORPORATIONS § 4172, at 636 (Perm. ed. 1966); *see Jones v. Railroad*, 67 N.H. at 141, 38 A. at 126. At the commencement of this litigation, no charter or statutory provision existed granting to the directors the power to adopt or amend bylaws. *But see* Laws 1981, 557:1, codified at RSA 293-A:27 (eff. Feb. 1, 1982).

A Delaware court aptly described the significance of a corporation's charter and bylaws when it stated:

> "The charter of a corporation and its by-laws are the fundamental documents governing the conduct of corporate affairs. These documents establish norms of procedure for exercising rights and all stockholders have a right to rely on them as to notice and other procedural requirements stated therein."

*Liese v. Jupiter Corporation*, 241 A.2d 492, 497 (Del. Ch. 1968).

The stockholders in this case could have included in Article XIV of the bylaws a provision requiring "that the amendment [be] submitted in writing at the previous regular meeting" or any other requirement in addition to the notice now provided for. *See* ROBERT'S RULES OF ORDER § 55, at 493 (Rev. ed. 1970); 19 FLETCHER, CYCLOPEDIA OF CORPORATIONS § 8936, at 113–14 (Perm. ed. 1975). However, they did not choose to do so.

The defendant NHEC maintains that where the bylaws were silent on requiring any and all proposals submitted to the directors to be noticed by them, the directors could impose a rule, short of a bylaw, requiring a dissident member to submit a bylaw change proposal opposed by management to the membership before noticing such change.

The directors base such authority on the provisions of Article III section 1 of the bylaws, which grants to the directors the general powers of the Cooperative, and on section 6 thereof granting to the board of directors the power to make and adopt such rules and regulations as it may deem advisable for the management, administration and regulation of the business and affairs of the association.

It is very important to note, however, that the authority granted to the directors by the above bylaw provisions contained the express condition that the rules and regulations adopted by the directors must not be inconsistent with the code of bylaws or come within the sphere of authority conferred upon or reserved to the members by the bylaws or the general laws or statutes. *See Morrill v. Railroad*, 58 N.H. 68, 69 (1877); 19 C.J.S. *Corporations* § 743, at 82.

■ A corporation bylaw is outside and above the domain of those rules and regulations which the directors of the corporation may establish to regulate dealings with the public. *See* 18 C.J.S. *Corporations* § 179, at 590.

The requirement advanced by the defendant NHEC, mandating prior submission to the membership of certain proposed amendments, would have constituted an amendment of Article XIV of the bylaws which set the procedure to be followed in their amendment. Under it the board of directors would have become an arbiter with power to vary the established procedure depending on the attitude of management toward the proposed amendment. This would have constituted an invasion of the powers reserved to the members which, under the law existing at the time of this dispute, could not be inferred in the absence of a definite and clearly disclosed intention of the members to that effect. *See Moorestown*

*Mgmt. v. Moorestown Bookshop,* 104 N.J. Super. 250, 260, 249 A.2d 623, 629 (Ch. Div. 1969).

The defendant adverts to the fact that the plaintiffs have not provided a transcript of the hearing held in the superior court. It argues that in such a situation it is usual to presume that the evidence presented below supports the action of the lower court. *See Nashua Housing Authority v. Tassie,* 121 N.H. 449, 450, 431 A.2d 134, 135 (1981).

■ However, this principle is not binding when, as in this case, the issue on appeal is a question of law which can be decided on the pleading and the exhibits before us. *See Baker v. Dennis Brown Realty,* 121 N.H. 640, 644, 433 A.2d 1271, 1273 (1981). Furthermore, under the established practice in this State, the parties are entitled "to the most convenient procedure for the settlement of their controversy." *New Hampshire Retail Grocers Ass'n v. State Tax Comm'n,* 113 N.H. 511, 513, 309 A.2d 890, 891 (1973).

■ We therefore hold, on the pleadings and exhibits, that it was not within the power or authority of the board of directors or of any officer of the defendant to refuse or fail to include with the notice of the call of a meeting, annual or special, a copy of a proposed amendment to the associaton bylaws timely submitted by a member.

Consequently, it is the duty of the proper official or officials of the defendant NHEC to include in the notice of its annual meeting scheduled for June, 1982, a copy of the proposed amendment to its bylaws already submitted by the plaintiffs in 1981. If, under the existing bylaws, proposed amendments are timely presented, a copy or copies thereof shall also be included in the notice of the 1982 meeting.

The merits or advisability of the proposed amendment are not in issue in these proceedings, which deal with solely procedural matters.

*So ordered.*

BROCK and BATCHELDER, JJ., did not sit.