Grafton
No. 82-271

## MICHAEL C. WHITMAN & a.

### v.

## NEW HAMPSHIRE ELECTRIC COOPERATIVE, INC.

March 21, 1983

112

*H. Bernard Waugh, Jr.*, of Lyme, by brief and orally, for the plaintiffs.

*Hall, Morse, Gallagher & Anderson*, of Concord (*Robert E. K. Morrill* and *Thomas W. Morse* on the brief, and *Mr. Morrill* orally), for the defendant.

BOIS, J.   The plaintiffs, members of the defendant New Hampshire Electric Cooperative, Inc. (NHEC), appeal from a Superior Court (*Johnson,* J.) decree approving a Master's (*R. Peter Shapiro,* Esq.) recommendation that their petition for declaratory judgment be denied. The issue presented is whether the master correctly ruled that the board of directors of NHEC could lawfully amend the association's code of bylaws without a vote of the members. We hold that the master erred and, therefore, reverse.

The facts of the case are not disputed. NHEC is an "association for rural electrification" organized under the provisions of RSA chapter 301 (Cooperative Marketing and Rural Electrification Associations). On February 25, 1982, NHEC's board of directors attempted to amend the association's bylaws without a vote of the members. In response to the board's action, the plaintiffs filed a petition in superior court for declaratory judgment and preliminary injunction against the board's amendment. They claimed that RSA 301:10 vested in the members all power to amend the bylaws. The master, however, found that section twenty-seven of the Business Corporation Act, RSA 293-A:27 (Supp. 1981), afforded the board of directors authority to amend the bylaws without seeking a vote of the members. He recommended, and the trial court ordered, that both prayers for relief be denied.

The plaintiffs appeal only the denial of their prayer for declaratory judgment. They contend that the master erred in applying section twenty-seven of the Business Corporation Act. They argue that RSA 301:10 governed the process of amending NHEC's bylaws and required that the directors' proposed amendment be submitted to a vote of the members.

As a cooperative association organized under RSA chapter 301, NHEC is governed primarily by the provisions of that chapter. In addition to providing cooperative associations with certain specified powers, RSA 301:3 states that cooperative associations shall have

"any other rights, powers, and privileges granted by the laws of this state to corporations organized under the general laws of this state, except such as are inconsistent with the express provisions of . . . [chapter 301] . . . ."

Cooperative associations therefore have the same rights and powers that business corporations have under RSA chapter 293-A unless such rights and powers are inconsistent with RSA chapter 301. Thus, the issue before us in this case is whether the provision in the Business Corporation Act for the amendment of bylaws by the board of directors, RSA 293-A:27 (Supp. 1981), is inconsistent with the provisions of RSA 301:10 relating to the bylaws of a cooperative association.

RSA 301:10, originally enacted in 1925 and entitled "Bylaws," reads as follows:

"*Adoption.* Each association shall, within 30 days after its organization, adopt for its government and management, a code of bylaws, not inconsistent with the powers granted hereby. A majority vote of the members or stockholders, or their written assent, is necessary to adopt such bylaws."

The provision in the Business Corporation Act governing bylaws, RSA 293-A:27 (Supp. 1981), was enacted in 1981 and states:

"The initial bylaws of a corporation shall be adopted by its board of directors. The power to alter, amend or repeal the bylaws or adopt new bylaws, subject to repeal or change by action of the stockholders, shall be vested in the board of directors unless reserved to the shareholders by the articles of incorporation. . . ."

We note at the outset that the plain language of RSA 301:10 establishes that a cooperative association has the power *to adopt* bylaws and that such power lies with the members. Thus it is clear, and the defendant concedes, that the provision in RSA 293-A:27 (Supp. 1981) for *adoption* of corporate bylaws by the board of directors is inapplicable to cooperative associations.

It is also apparent that cooperative associations have the power *to amend and repeal* their bylaws. This power is implicit in the power of adoption set forth in RSA 301:10. *See generally Richardson v. Society*, 58 N.H. 187, 189 (1877). Although neither RSA 301:10 nor the other provisions in RSA chapter 301 offer any guidance as to who possesses the powers of *amendment and repeal* in a cooperative association, we believe that the legislature intended these powers, like the power of adoption, to reside with the members. The general rule is that "in the absence of specific provisions to the contrary, the body which has the power to adopt a bylaw also has the power to amend one adopted." 8 W. FLETCHER, CYCLOPEDIA OF THE LAW OF PRIVATE CORPORATIONS § 4178, at 636 (perm. ed. 1982); *see Richardson v. Society*, 58 N.H. at 189; *Farrier v. Ritzville Warehouse Co.*, 116 Wash. 522, 524, 199 P. 984, 985 (1921) (quoting THOMPSON ON CORPORATIONS § 971); *cf. Hernandez v. Banco De Las Americas*, 116 Ariz. 552, 556, 570 P.2d 494, 498 (1977) (board having power to adopt bylaws also has power to waive those adopted).

To interpret the recently-enacted provisions of RSA 293-A:27 (Supp. 1981) as vesting the power of amendment and repeal in the directors of a cooperative association would subvert the provisions in RSA 301:10 which grant the members the power of adoption. Such an interpretation would permit the directors unlimited authority to rewrite the bylaws and would therefore render largely illusory the members' power of adoption.

The defendant argues that this court held by implication in *McCool v. New Hampshire Electric Cooperative, Inc.*, 122 N.H. 113, 442 A.2d 988 (1982), that RSA 293-A:27 (Supp. 1981) would permit

the directors of a cooperative association to amend the bylaws. We disagree. The issue in *McCool* was whether the board of directors of a cooperative association could refuse to include a member's proposed bylaw amendment in the notice of the next annual meeting. 122 N.H. at 115, 442 A.2d at 989. Because the facts of the case arose prior to the enactment of RSA 293-A:27 (Supp. 1981), we stated as general background information that the provisions of that section were inapplicable. We neither held nor intended to decide that those provisions would have been applicable if they had been enacted earlier. That issue was clearly not before the court in *McCool.*

■■ Having interpreted RSA 301:10 to grant members of a cooperative association the power to adopt and to amend bylaws, we conclude that the provision in RSA 293-A:27 (Supp. 1981) permitting amendment by directors is inconsistent with RSA 301:10 and thus inapplicable to cooperative associations. We hold that the master erred in ruling that the directors of NHEC could amend its bylaws without a vote of the members. In light of the confusion surrounding the procedure for bylaw amendments during the last year, we further hold that NHEC's board of directors should ensure that any bylaw amendment proposed by a member within a reasonable period after the date of this opinion should be placed in the notice of the next annual meeting.

*Reversed.*

BATCHELDER, J., did not sit; the others concurred.