Claremont District Court
No. 82-430

JOSEPH F. PHELAN

v.

L. M. & L. CORP.

May 6, 1983

*Joseph F. Phelan,* of Perkinsville, Vermont, by brief, pro se.

*Buckley & Zopf,* of Claremont (*Robert B. Buckley, Jr.,* on the brief), by brief for the defendant.

## MEMORANDUM OPINION

In 1973, the defendant corporation entered into a lease agreement with a predecessor in title to the plaintiff, Joseph F. Phelan. The agreement was due to expire on June 30, 1982. The defendant failed to pay its rent for the month of May 1982, and on May 13, 1982, was served with a "notice to pay rent or vacate within five days after service."

On June 7, 1982, the plaintiff brought a small claims action for the rent which became due on June 1, 1982, and after a trial, was awarded a verdict of $200 plus $10 costs by *Charles V. Spanos,* Esq., sitting as a special justice.

On appeal, the defendant basically argues that it vacated the premises within five days of the plaintiff's "notice to pay rent or vacate" and that such action terminated the tenancy so as to release it from liability for rent due after it left the premises. *See 93 Clearing House, Inc. v. Khoury,* 120 N.H. 346, 351–52, 415 A.2d 671, 675 (1980); *Wein v. Arlen's,* 98 N.H. 487, 488–89, 103 A.2d 86, 88 (1954). The plaintiff in his brief asserts that the defendant did not relinquish or redeliver possession until the month of June 1982. Thus, the issue before us, as to when relinquishment of possession occurred, is purely factual in nature. The defendant, however, as the moving party, has failed to present any record of the testimony below. Under these circumstances, we must assume that the testimony supported the trial court's verdict. *Nashua Housing Authority v. Tassie,* 121 N.H. 449, 450, 431 A.2d 134, 135 (1981); *Saucier v. Saucier,* 121 N.H. 330, 332, 430 A.2d 131, 132 (1981).

*Affirmed.*