Grafton
No. 84-255

## CHARLES F. CUTTING, JR.

### v.

## TOWN OF WENTWORTH

July 3, 1985

*Bruckner Professional Corporation*, of Woodsville (*Gregory M. Sorg* on the brief and orally), for the plaintiff.

*Law Office of Laurence F. Gardner*, of Hanover (*H. Bernard Waugh, Jr.*, on the brief and orally), for the defendant.

PER CURIAM.   The plaintiff appeals an order of the Superior Court (*Johnson*, J.) dismissing his petition for writ of certiorari brought under RSA 677:15 (Supp. 1983). The plaintiff alleged *inter alia* that the planning board of the defendant town had acted illegally, unreasonably and unconstitutionally in requiring him to furnish a bond to secure his obligation to construct a road and other improvements before it would approve his proposed subdivision. *See* RSA 674:36, III (Supp. 1983). The plaintiff alleged that the defendant had acted with the twin purposes of depriving the plaintiff and others of the benefit and enjoyment of their property and of depriving them of equal protection of the laws. The plaintiff excepted to the superior court's refusal to hear evidence of his financial circumstances and to the court's dismissal of the petition upon finding no error of law or unreasonable action. We affirm.

Although the trial court had authority to supplement the record, RSA 677:15, III (Supp. 1983), its refusal to take evidence of the plaintiff's financial condition was not reversible error. In reviewing a decision by the superior court the standard for review for this court is not whether we would find as the trial court did, but whether the evidence reasonably supports the finding. *Durant v. Town of Dunbarton*, 121 N.H. 352, 357, 430 A.2d 140, 144 (1981). It is plain from the record before us that the court accepted as fact that the plaintiff could not afford to complete improvements or

obtain a surety bond prior to the requested approval of the subdivision, and evidence to this effect was therefore unnecessary.

■■ We also perceive no error in the court's conclusion that it was not legally erroneous or unreasonable for the planning board to refuse approval of the plaintiff's subdivision plat in the absence of completed improvements or a bond to secure completion of the work. Although we do not have a full transcript, it appears that at the hearing the plaintiff offered evidence that the board's action was illegal and unreasonable because the board had acted from ethnic animus against the prospective occupants of the subdivision. *See Cutting v. Muzzey*, 724 F.2d 259 (1st Cir. 1984) (in related action under 42 U.S.C. §§ 1983, 1985, and 1988, allegations that town officials were motivated by plaintiff's plan to sell lots to those with Italian surnames saved action from dismissal). The trial court determined after testimony that there was not a scintilla of evidence of ethnic prejudice and concluded that plaintiff had therefore not shown that the board's action was erroneous or unreasonable. Since the plaintiff has not provided us with a transcript of testimony on this point, we must presume that the evidence supported the court's conclusion. *Nashua Housing Authority v. Tassie*, 121 N.H. 449, 450, 431 A.2d 134, 135 (1981).

While we therefore sustain the trial court's dismissal of the present petition, we do so without prejudice to the plaintiff's right to seek a modification of the planning board's existing order and to bring a new petition for review under RSA 677:15 (Supp. 1983) if the board refuses to modify the order. We note this because it is clear from the plaintiff's brief and argument that the petition in this case does not focus on the real legal issue that now divides the parties.

The town's subdivision regulations provide that the planning board may approve the subdivision plat of a developer who has not completed construction of streets in the subdivision if the developer files "a bond . . . in an amount sufficient to cover the cost of the preparation of the streets . . . approved as to form and sureties by [town] counsel . . . and conditioned on completion . . . within five . . . years of the date of the bond." TOWN OF WENTWORTH SUBDIVISION REGULATIONS § IV, M. *See* RSA 674:36, III(b) (Supp. 1983). From the briefs and arguments, it is evident that the plaintiff in effect wishes to provide a bond secured by a mortgage of the property in question, while the town refuses to accept a mortgage as security for the bond because it regards the possible foreclosure proceeding as too cumbersome. The issue between the parties is therefore whether the town may refuse to consider mortgage security for the bond.

This issue does not present the question whether a town may constitutionally refuse to consider anything but a surety bond as security for uncompleted subdivision improvements, *see* RSA 674:36, III (Supp. 1983), for this is not what the town has done. In what defendant's counsel now suggests was ultra vires action, the town adopted a regulation providing for approval of a plat on condition that no subdivided lot may be sold until improvements have been completed "as related to such lot." TOWN OF WENTWORTH SUBDIVISION REGULATIONS § IV, M. Whether ultra vires or not, the town has thus indicated that it will accept protection other than a surety bond, protection that could be no less cumbersome than foreclosing a power of sale mortgage. This action by the town would be relevant in deciding whether the board had acted reasonably, or had abused its discretion, in refusing to accept the security of a mortgage covering all or a part of the property in question.

The time has long since come for the parties to suppress the acrimony that is evident in this and related litigation, and to consider the adequacy of mortgage security on its merits.

*Affirmed.*