Hillsborough
No. 85-461

### WILLIAM M. LADD

v.

### JOHN P. COLEMAN

October 2, 1986

*William M. Ladd, Esq.,* of Wilton, by brief, pro se.

*John P. Coleman,* of Wilton, by brief, pro se.

*Bruce E. Friedman,* of Concord, Franklin Pierce Law Center Family and Housing Law Clinic, by brief for the Family and Housing Law Clinic, as *amicus curiae.*

JOHNSON, J. The defendant, the plaintiff's tenant, appeals from the Superior Court's (*Wyman,* J.) denial of his appeal from a district court decision. The issue presented is whether the application of RSA 540:20, which provides that an appeal in a landlord's action against a tenant must be filed within three days after the rendition of the judgment, violated the defendant's due process rights. We hold that the statute was interpreted and applied in a way that conflicts with due process, and accordingly reverse and remand.

In February 1985, the plaintiff filed a landlord-tenant action against the defendant. A hearing was held on February 22 in the Milford District Court (*Lizotte,* J.), and on March 28 the court rendered its judgment, finding that the defendant had breached his lease with the plaintiff. The court's decision was mailed the next day. Counsel for the defendant received the order on April 1, and filed an appeal in the superior court on April 4. The plaintiff moved

to affirm the district court's order based on two grounds: the defendant failed (1) to file his appeal within three days of the court's rendition of judgment, as required by RSA 540:20; and (2) to produce certified copies from the district court of the "whole case," as required by RSA 540:21.

The superior court denied the defendant's appeal on the ground that the defendant had not filed his appeal within three days of the district court's rendition of judgment. The defendant appealed to this court, contending that RSA 540:20, as construed by the superior court, violates his due process rights under the fourteenth amendment of the United States Constitution and part I, article 15 of the New Hampshire Constitution. We will analyze and decide the defendant's claims under the New Hampshire Constitution, and see no need to make a separate federal analysis because the Federal Constitution provides no greater protection to the defendant. *See State v. Ball*, 124 N.H. 226, 232, 471 A.2d 347, 351 (1983).

 The right to appeal in a landlord-tenant case is not derived from constitutional law, but is based upon statutory law. *See Wilder v. Kneeland*, 94 N.H. 185, 186, 49 A.2d 506, 507 (1946). Although the State is not constitutionally required to provide a right to appellate review, once the State chooses to provide such a right it must comply with the dictates of the constitution, including the requirements of due process. *See Evitts v. Lucey*, 105 S. Ct. 830, 838–39 (1985); *see also Lindsey v. Normet*, 405 U.S. 56, 77 (1972).

 A strong public interest exists in the speedy and peaceful resolution of landland-tenant disputes. The historical recognition of this interest derives from the desirability of mitigating economic loss to the landlord and preventing harassment of the tenant. *See, e.g., Lindsey v. Normet, supra* at 73. Additionally, we have recognized the importance to the tenant of the statutory right of appeal. *See Smith v. Sampson*, 114 N.H. 638, 642, 325 A.2d 796, 799 (1974).

 Due process requires "'notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" *City of Claremont v. Truell*, 126 N.H. 30, 35, 489 A.2d 581, 585 (1985) (quoting *Mullane v. Central Hanover Tr. Co.*, 339 U.S. 306, 314 (1950)). The degree of process due is determined by balancing the private interest at stake, the risk of an erroneous deprivation of that interest, and the government's interest. *Royer v. State Dep't of Empl. Security*, 118 N.H. 673, 678, 394 A.2d 828, 831 (1978) (citing *Matthews v. Eldridge*, 424 U.S. 319, 335 (1976)). Given the interests involved in a landlord-tenant action, we believe that the legisla-

ture correctly concluded that three days adequately protects a litigant's right to appellate review and simultaneously ensures a rapid settlement of the dispute.

■ RSA 540:20 provides a three-day period in which to file an appeal "after the rendition of the judgment." The provision was strictly interpreted in this case to mean three days from the day that the court issued its decision. This reading of the statute could prevent future litigants from being in a position to exercise their right to appeal a judgment until after the time period for bringing such appeals has elapsed. At a minimum, due process requires that the State not deny claims of statutory entitlement "by a procedure that is fundamentally unfair." *Appeal of Eno*, 126 N.H. 650, 653, 495 A.2d 1277, 1280 (1985). The right to appellate review of a judgment would be purely illusory were we to read the statute to allow the right to lapse before a litigant had received notice of the judgment. *Cf. Appeal of Gallant*, 125 N.H. 832, 835, 485 A.2d 1034, 1037 (1984).

■ We will interpret a statute as constitutional where it is susceptible to such a construction. *White v. Lee*, 124 N.H. 69, 77–78, 470 A.2d 849, 854 (1983). In 1965, the legislature amended RSA 540:20 to permit a litigant to file an appeal within three days rather than two hours after the rendition of the judgment. Laws 1965, 327:3. Other than changing the words "two hours" to "three days," the legislature left the language of the statute intact. *Id.* The two-hour time period was based upon an understanding that rendition of judgment was simultaneous with notice to the litigants because the court announced its decision from the bench. If the court chooses to provide notice of judgment to the parties by other means, however, two hours would afford no right of appeal ·if calculated from the time that the court issued its decision. Similarly, three days would afford no right of appeal if notice of the judgment reached the parties after three days from the issuance of the decision.

We cannot conclude that the legislature intended such an anomalous result, and we therefore read "rendition of the judgment" to occur at the time the litigants are in fact notified of the court's decision. Although we recommend that the trial courts render such decisions from the bench, so that rendition of the judgment and notice thereof to the parties occur simultaneously, a court may also have its decisions served in hand. This approach would circumvent any difficult factual questions presented by our reading of the statute.

■■ We hold that the period for exercising a litigant's right to appellate review under RSA 540:20 begins to run when the litigant

is actually or constructively notified of the court's decision. The defendant's due process rights, therefore, were violated by the superior court's denial of his appeal. Counsel for the defendant filed an appeal within three days after receipt of notice of the district court's decision, and thus the defendant is entitled to appellate review. We express no opinion on the plaintiff's claim that the defendant violated RSA 540:21 by not providing certified copies of the "whole case" to the superior court, but remand to the superior court for a determination as to whether the defendant complied with the statute.

*Reversed and remanded.*

All concurred.