Derry District Court
No. 89-402

WHISPERING PINES

v.

PATRICIA L. GAGNON

December 29, 1989

*Grinnell & Bureau*, of Derry (*Roland E. Morneau, Jr.*, on the brief and orally), for the plaintiff.

*Law Office of Thomas P. Colantuono*, of Derry (*Catherine L. Baumann* on the brief and orally), for the defendant.

*I. Michael Winograd*, of Concord, by brief for Rockingham County Bank and Trust Company, as *amicus curiae*.

BATCHELDER, J. This landlord-tenant action involves the attempts of the plaintiff, Whispering Pines, to collect rent from, and evict, the defendant, Patricia Gagnon. The plaintiff appeals a ruling of the Derry District Court (*Warhall*, J.) that the plaintiff's notice to quit and demand for rent were defective under the

applicable statutes and, therefore, that it was not entitled to recover the leased premises. We dismiss this appeal on the ground that we do not have jurisdiction to hear it.

We accepted this case for review and directed the parties to brief the issue of whether this court has jurisdiction to hear an appeal directly from a district court, in a landlord-tenant case. Plaintiff argues that this court has jurisdiction to hear this appeal directly from the district court, under RSA 502-A:17-a. This reliance is misplaced. RSA 502-A:17-a allows "questions of law ... [to] be transferred to the supreme court in the same manner as that from the superior court under RSA 491:17 ...." RSA 491:17 allows questions "arising upon exceptions, upon a special verdict, an issue of law, motion for a new trial or in arrest of judgment, or other motion or proceeding, or upon a statement of facts agreed to and signed by the parties ..." to be reserved and transferred by the superior court, only in its discretion, to this court.

The right to appeal in a landlord-tenant case, moreover, is derived not from constitutional law but from statutory law. *Ladd v. Coleman*, 128 N.H. 543, 545, 517 A.2d 811, 813 (1986). RSA chapter 540 sets out a procedure to govern landlord-tenant actions. RSA 540:1–29 (Supp. 1988). An appeal from the decision of a district court (referred to in the statute as a "municipal court") may be taken within three days after the judgment is rendered, RSA 540:20, and is properly taken to the superior court, *Wilder v. Kneeland*, 94 N.H. 185, 186, 49 A.2d 506, 507 (1946) (decided under RL 413:20, precursor to RSA 540:20); *see also* RSA 491:7 (in actions against tenants appeals from final judgment of district court are to superior court).

The plaintiff cites *Nashua Housing Authority v. Tassie*, 121 N.H. 449, 431 A.2d 134 (1981) as support for its assertion that landlord-tenant cases can be appealed directly to this court from the district court. There, an appeal in a landlord-tenant case was taken from the district court to this court. Neither party, however, nor the court itself, raised the jurisdictional question which is before us. *Tassie* is of little precedential value here. In light of RSA 540:20, we dismiss the plaintiff's appeal.

*Appeal dismissed.*

All concurred.