Hillsborough-northern judicial district
No. 2005-274

IN THE MATTER OF ROSEMARY SCULLEY AND THOMAS M. SCULLEY, SR.

Argued: November 16, 2005
Opinion Issued: January 18, 2006

*Borofsky, Amodeo-Vickery & Bandazian, P.A.*, of Manchester (*Stephen E. Borofsky* on the brief and orally), for the plaintiff.

*Wing & Weintraub, P.C.*, of Milford (*David C. Wing* on the brief and orally), for the defendant.

DALIANIS, J. The plaintiff, Rosemary Sculley, appeals an order of the Superior Court (*Barry*, J.) modifying defendant Thomas M. Sculley, Sr.'s visitation schedule with respect to the parties' adult disabled daughter. We vacate and remand.

The record supports the following facts. The parties divorced on November 2, 2000. As part of the divorce decree, the superior court issued orders relative to the custody, visitation and support of the parties' disabled daughter, who at that time, was sixteen years old. The daughter has Down's Syndrome. The superior court awarded the plaintiff physical custody of the daughter. In addition, the superior court awarded the defendant the following visitation with his daughter: (1) every other Saturday until he established a residence of his own; (2) each year on her birthday for a period of at least four hours; and (3) at her school, or any other time, by agreement of the parties.

On May 8, 2003, after the daughter's eighteenth birthday, the plaintiff filed a petition for guardianship with the Hillsborough County Probate Court. The defendant moved for visitation consistent with the original visitation provision. On July 10, 2003, the probate court appointed the plaintiff to serve as the daughter's guardian, and also granted the defendant's motion for visitation.

On October 15, 2003, the plaintiff filed a petition in superior court for modification of child support and visitation, requesting that, among other things, the defendant be required to exercise custodial visitation every other weekend from Friday evening until Monday morning. She contended that the defendant failed to regularly visit the daughter. In response, the defendant alleged that he was physically unable to exercise custodial visitation due to his medical condition. He also argued that the superior court lacked subject matter jurisdiction relative to the issues of child support and visitation. After a hearing, the superior court ruled that it had jurisdiction to entertain motions pertaining to child support, but not regarding visitation, stating that: "Visitation issues properly lie within the jurisdiction of the probate court."

On September 7, 2004, the superior court held a hearing with respect to child support. Notwithstanding its previous ruling, the superior court then ordered the defendant "to strictly comply with the visitation requirement set forth in the decree of divorce." The defendant appealed that order. During the pendency of that appeal, the plaintiff filed another motion in

superior court relative to child support and visitation, in which she again contended that the defendant failed to exercise court-ordered visitation with the daughter. After a hearing on March 24, 2005, the trial court ruled that the defendant "shall exercise such visitation ... as he feels he is reasonably able, based upon his physical condition as perceived by him and his conscience." The plaintiff appealed the March 24, 2005 order. The defendant, in turn, withdrew his initial appeal.

On appeal, both parties agree that the superior court lacked jurisdiction to enter its March 24, 2005 order, which modified the original visitation provision. The plaintiff argues, however, that the superior court had jurisdiction to *enforce* the original visitation provision and, thus, the September 7, 2004 order should remain in effect. We disagree.

The plaintiff relies upon *Saucier v. Saucier*, 121 N.H. 330 (1981), as her sole support. Her reliance is misplaced. In *Saucier*, the mother sought enforcement of child support obligations that accrued during the child's minority. *Saucier*, 121 N.H. at 331. We held that the trial court had jurisdiction, even after the child attained the age of majority, to enforce an earlier order to pay child support arrearages that accrued during the child's minority. *Id.* at 332. The facts underlying the present case, however, are distinguishable; here, the plaintiff sought to impose continuing visitation obligations upon the defendant through enforcement of the original visitation provision, even though the daughter was over eighteen years old.

In addition, there is no statutory support for the plaintiff's position. The legislature has recently repealed and recodified certain relevant provisions in RSA chapter 458, *compare* RSA ch. 458 (2004) *with* RSA ch. 461-A (Supp. 2005) (effective Oct. 1, 2005), but as the repeal of these provisions did not take effect until after the superior court decided this case, we will refer to RSA chapter 458, the statute in effect at the time of the superior court's decision. Pursuant to RSA 458:35-c, the superior court has jurisdiction to award support for a disabled child, even after the child reaches the age of eighteen. *See* RSA 458:35-c (2004) (repealed, effective Oct. 1, 2005, and recodified at RSA 461-A:14, IV (Supp. 2005)). This statute addresses only child support. There is no analogous statute that accords jurisdiction to the superior court to award or enforce *visitation* for a disabled child after the age of eighteen.

Furthermore, the probate court has exclusive jurisdiction with respect to issues concerning the daughter. RSA 464-A:3 (2004) states: "The probate court shall have exclusive jurisdiction over the appointment of a guardian of the person or of the estate or of both of any incapacitated person." Once the probate court appoints a guardian, it retains jurisdiction over all legal incidents of the guardianship. *Cf. McLaughlin v. Mullin*, 139

N.H. 262, 265 (1994) (holding that the probate court, and not the superior court, had jurisdiction to make custody determinations with respect to the minor because the "right of custody is a legal incident of guardianship"). "Where exclusive jurisdiction is expressly conferred upon a court, no other tribunal may exercise such jurisdiction." *Cooperman v. MacNeil*, 123 N.H. 696, 700 (1983).

On July 10, 2003, the probate court appointed the plaintiff to serve as the daughter's guardian. That same day, the probate court granted the defendant's motion for visitation and awarded him visitation rights consistent with those in the original visitation provision. Thus, the superior court lacked jurisdiction to issue its orders of September 7, 2004, and March 24, 2005, as they pertained to visitation. Accordingly, we vacate and remand with instructions to dismiss the plaintiff's motions to the extent that they pertain to visitation.

> *Vacated and remanded with instructions to dismiss.*

BRODERICK, C.J., and DUGGAN and GALWAY, JJ., concurred.